# Crandall v. The State.

*Assault With Intent to Murder.*

(Decided Nov. 21, 1911. 56 South. 873.)

1. *Statutes; Construction; As a Whole.*—Acts 1909, p. 305, while consisting of thirty-two sections, is but a single act, and must be construed as a whole.

2. *Grand Jury; Organization; Statutory Provisions.*—At a term preceding that at which the indictment was found, the presiding judge drew the names of fifty persons to constitute the grand and petit juries, and at the following term, after passing on excuses, there remained only thirty-six jurors; to meet the requirements for jurors, the presiding judge drew from the jury box the names of eighteen other persons, who were summoned and appeared; the judge placed their names, together with the names of those originally drawn, in a hat and drew therefrom first the names of eighteen jurors who were sworn and empanelled as the grand jury which returned this indictment. Construing together sections 18, 20, 23 and 29, Acts 1909, p. 305, it is held that there was no defect in the organization of the grand jury.

3. *Same; Defect; Waiver; Plea.*—A failure to question the validity of the indictment by plea in abatement on the ground that one of the grand jurors who found the indictment was not shown by the record to have been drawn as a juror at any time, is a waiver of the defect. (Sec. 23, Acts 1909, p. 305.)

4. *Appeal and Error; Erroneous Judgment; Correction.*—Where the court sentences a defendant to hard labor for the payment of costs at a rate different from that prescribed by statute, this court on appeal will correct the judgment, and as corrected, will affirm, in the absence of other error.

APPEAL from Baldwin Circuit Court.

Heard before Hon. SAMUEL B. BROWNE.

From a conviction of assault with intent to murder Jordan Crandall appeals. Corrected and Affirmed.

LESLIE HALL, for appellant. The indictment was subject to the pleas interposed, and should have been quashed.—*Cochran v. The State,* 89 Ala. 40. The curative effect of section 23, Acts 1909, p. 305, cannot save the indictment. The grand jury was composed of sev-

[Crandall v. The State.]

eral unauthorized persons, and the indictment is ther-fore, invalid.—*Osborn v. The State,* 154 Ala. 44; *Nordan v. The State,* 143 Ala. 13; *Spivey v. The State,* 56 So. 252; *Frier v. The State,* 146 Ala. 4; *Tucker v. The State,* 152 Ala. 4. How Rogers happened to be on the grand jury does not appear.—*Bean v. The State,* 126 Ala. 1, and authorities supra.

R. C. BRICKELL, Attorney General, and WILLIAM L. MARTIN, Assistant Attorney General, for the State. The court properly sustained the demurrers to the pleas.— *Bailey v. The State,* 55 So. 601. The only objection to the formation of the grand jury is that the jurors were not drawn by the officers designated by law.—Sec. 23, Acts, 1909, p. 305; *Spivey v. The State,* 56 So. 232. Construing together the sections of the Act of 1909, p. 305, it must be held that the court properly organized the grand jury. For failure to file plea setting up the facts that Rogers was improperly on the jury, the defendant waived such defect.—*Wells v. The State,* 88 Ala. 239; *Welsh v. The State,* 96 Ala. 92.

DE GRAFFENRIED, J.—The appellant was indicted for assault with intent to murder, was tried by a jury and convicted, and from the judgment of conviction appeals.

The only matter presented for our determination relates to the manner in which the grand jury which preferred the indictment was organized. It appears that at the term preceding the term at which the indictment was found the presiding judge drew from the jury box the names of 50 persons to supply the juries, grand and petit, at the following term. At the following term, after hearing the excuses of the persons so drawn and summoned, there remained only 36 persons as the panel

from which the grand and petit juries were to be selected. The jurors thus remaining, not being sufficient to meet the demands of the court for grand and petit jurors, thereupon the presiding judge drew from the jury box the names of 18 other persons residing within 5 miles of the courthouse, and ordered the sheriff to summon them as jurors for that term of the court. When these 18 jurors, pursuant to such summons, appeared, the judge placed their names, along with the other 36 names, together in a hat, and drew therefrom, first, the names of 18 jurors, and they were impaneled and sworn as the grand jury for that term of the court, and constituted the grand jury which preferred the indictment against appellant. It is insisted by appellant that the grand jury thus organized was not in fact a legal grand jury; and that therefore the indictment preferred against him was in fact no indictment. This insistence grows out of the fact that the court did not organize the grand jury out of the *first* 36 jurors, but impaneled it after the *second* 18 names had been placed with the first 36 names; in other words, that the grand jury thus organized was composed partly of the first 36 jurors and partly of the second 18 jurors.

The act entitled "An act to prescribe the qualifications of jurors, etc.," approved August 31, 1909, known as the new jury law, is composed of 32 sections, and all of these sections are to be read and construed together. Together they constitute *one act,* and the various sections of the act explain and qualify each other. Section 18 of the act must be read in connection with section 20 of the same act. When so read together, it becomes manifest that the court committed no error in the manner in which the grand jury was impaneled. Section 18 provides for cases where enough jurors appear out of the number originally drawn and summoned

[Crandall v. The State.]

to meet the requirements of the court for jurors, both grand and petit; while section 20 provides for the contingencies which occurred in this case, viz., for cases where not enough jurors appear out of the number originally drawn and summoned to form the juries required.

That the court was without error in this regard is also made clear by the concluding portions of section 29 of the act, which is as follows: "The jurors selected, drawn, summoned, and impaneled under the provisions of this act, whether at an earlier or a later day than required by this act, must and shall, in all respects, be deemed legal, and to possess in full, in every respect, power to perform all of the duties of grand and petit jurors. And no objection can be taken to any venire of jurors except for fraud in drawing or summoning the jurors"—and by that provision of section 23 of said act, which declares that no objection can be taken to an *indictment,* except upon the ground that the jurors who found the indictment were not drawn by the officers designated by law to draw the same.—Acts Special Session 1909, p. 315; *Spivey v. State,* 172 Ala. 56 South. 232.

It is insisted by appellant that the grand jury which preferred the indictment in this case was also illegal, because one Rogers served on the grand jury which found the indictment, and the record fails to disclose that he was drawn as a juror at any time. The attention of the trial court was not called to this matter, either by motion to quash or by plea in abatement, or by motion in arrest of judgment, and the question as to the validity of the indictment on this account is raised for the first time here. By failing to interpose his plea in abatement to said indictment, as provided in section 23 of the act above referred to, the defect or irregularity complained of was thereby waived, and

this by the express terms of the statute itself.—Acts Special Session 1909, p. 315, § 23.

The court erroneously sentenced the appellant to hard labor for the payment of his costs at the rate of 40 cents, instead of at the rate of 75 cents, per day, as provided by law. The judgment of the court below will be here corrected in that particular, and as corrected, the judgment of the court below is affirmed.

Corrected and affirmed.