# Mathes *v.* The State.

## *Murder.*

(Decided Dec. 21, 1911. Rehearing denied Jan. 30, 1912.
57 South. 390.)

1. *Indictment and Information; Quashing; Grounds.*—Under sections 20 and 23, Acts 1909, p. 314, an indictment was not subject to a motion to quash because the judge before organizing the grand jury drew from the jury box sufficient additional jurors to complete the juries required.

2. *Same; Illegal Juror; Exceptions; Necessity.*—Where no objection is taken or exception reserved in the court below, a conviction will not be reversed because of the fact that the grand jury which returned the indictment contained a person who had not been drawn as a grand juror.

3. *Homicide; Instructions; Self Defense.*—A charge on self defense which makes the defendant's belief as to his danger, and his understanding as to what was necessary to entitle him to act in self defense, the test of the right to act in self defense, rather than what the law requires as sufficient to authorize such action, is bad and properly refused.

4. *Same.*—A charge as to self defense which ignores the element of retreat is properly refused.

[Mathes v. The State.]

5. *Same.*—A charge of self defense which singles out a part of the evidence and gives it undue prominence, and limits the question of freedom from fault and duty to retreat to a restricted ' time, and which is involved in its statements as to defendant's duty to retreat, is properly refused.

6. *Same.*—A charge which authorizes defendant to act on his honest belief as to the necessity of taking life without regard to whether his belief was such a belief as would have been entertained by a reasonably prudent man under the same circumstances, is erroneous; and, such charge is not cured by the further statement that whether such danger was real or apparent made no difference provided it was such as to convince a reasonable man that it was necessary to act to save himself, as this merely requires the necessity for some action on the part of the defendant to save himself.

APPEAL from Baldwin Circuit Court.

Heard before Hon. A. E. GAMBLE.

Andrew J. Mathes was convicted of murder in the second degree, and he appeals. Affirmed.

The following charges were refused to the defendant: (1) "In this case the proof shows that the killing was done in a sudden rencounter. The defendant sets up the defense that he did the killing in his own necessary self-defense. If you believe from the evidence introduced that at the time of the killing the defendant was free from fault in bringing on the difficulty, and had a right as a reasonable man to believe from the language and conduct of Ward, taken in consideration with his previous threats, that the defendant at the time was in danger of death or great bodily harm, and that to have attempted to retreat out of the danger in which he was at the time would have been dangerous to life and limb, and if the defendant actually believed that he was in danger, then he had a right to shoot Ward in what he understood to be his necessary self-defense." (2) "It is not necessary that there should be actual danger of death or great bodily harm, in order to justify the taking of human life; but if the jury is satisfied from all the evidence that the circumstances attending the firing of the fatal shot were such as to impress upon the de-

[Mathes v. The State.]

fendant, and the defendant believed from such circum-
stances, that he was in imminent peril of danger to life
or limb at the time he fired the fatal shot, and that his
action in so firing was necessary in order to prevent
death or great bodily harm to a person, then the jury
must acquit the defendant, unless they further believe
that the defendant was not free from fault in bringing
on the difficulty." (3) "The court charges the jury that
the danger that will excuse one killing another need not
be real or actual. It may now be known that all the ap-
pearances of danger were false, and Ward never in-
tended to do the defendant any harm, and that he did
not have a weapon; yet, if the jury believe from all the
evidence in this case that the appearance of danger sur-
rounding the defendant at the time was such as to pro
duce a reasonable belief in the mind of the defendant
that his life was in danger, or that he was about to suf-
fer great bodily harm, and that there were no other rea-
sonable means at the time open to the defendant to
avoid the danger, but by taking Ward's life, the defend-
ant being without fault at the time, the law holds him
harmless, and the jury must acquit." (4) "The court
charges that if the jury should believe from the evi-
dence that the deceased, Ward, was a violent, danger-
ous, turbulent, or bloodthirsty man, and that he had
threatened to kill the defendant, and if the jury further
believe from the evidence that the defendant did not
bring on the difficulty, and that there was no reasonable
mode of escape left open to him without increasing his
peril, and that if the deceased, Ward, assaulted the de-
fendant and attempted to carry out the threats previ-
ously made by him, if you believe such threats were
made, and that the defendant fired the fatal shot under
the honest belief that there was a present, impending,
or imperious necessity to strike or to shoot to save him-

[Mathes v. The State.]

self from death or great bodily harm, then it would be your duty to acquit the defendant, and it would be immaterial as to whether said danger was real or apparent, provided it was such as to convince a reasonable man that it was necessary for him to act in order to save himself, and provided, also, the defendant was free from fault in bringing on the difficulty." (5) "The court charges the jury that, if they believe from the evidence that at the beginning of the difficulty the defendant merely answered one verbal insult or epithet with another, then this does not deprive the defendant of the privilege of afterwards defending himslf, pro. vided he did not fight willingly. If the defendant was not the author or originator of the difficulty, he may still protect his person from assault and injury by opposing force to force so far as may be necessary, taking care that he used no more violence than is requisite to repel the attack of plaintiff."

LESLIE HALL, and WILLIAM S. ANDERSON, for appellant. The indictment should have been quashed because of the illegal manner in which the grand jury was selected.—Sec. 18, Acts 1909, p. 305; *Cochran v. The State,* 89 Ala. 40. The grand jury was composed of several unauthorized persons which rendered the indictment invalid.—*Nordin v. The State,* 143 Ala. 13; *Osborn v. The State,* 154 Ala. 44; *Spivey v. The State,* 56 South. 252; *Frier v. The State,* 146 Ala. 4; *Tucker v. The State,* 152 Ala. 4. It further appears that there was a person serving on the grand jury which returned the indictment who was not drawn as a grand juror. This rendered the indictment defective.—*Cochran v. The State, supra; Osborn v. The State, supra; Bean v. The State,* 126 Ala. 1. The court erred in refusing charge 2.—*Holmes v. The State,* 100 Ala. 80. The court

erred in refusing charge 4.—*Trammel v. The State,* 1
Ala. App. 83; *Goodwin v. The State,* 102 Ala. 100.
Counsel discuss the other charges refused, but without
citation of authority.

R. C. BRICKELL, Attorney General, and W. L. MAR-
TIN, Assistant Attorney General, for the State. The
motion to quash the indictment was properly over-
ruled.—*Spivey v. The State,* 56 South. 252; Sections 20
and 23, Acts 1909, p. 305. No objection or exception
was taken in the trial court to the fact that Rogers was
not drawn to serve on the grand jury.—*Wells v. The
State,* 88 Ala. 239; *Welch v. The State,* 96 Ala. 92. The
charges were not numbered.—*Gibson v. The State,* 89
Ala. 122; *Martin v. The State,* 56 South. 3. Counsel
discuss charges refused, but without citation of author-
ity.

PELHAM, J.—Appellant was indicted for murder in
the first degree, and convicted of murder in the second
degree. The defendant moved to quash the indictment,
and also filed pleas in abatement setting up that the
grand jury which returned the indictment was not or-
ganized according to law in that the judge of the court
who organized the grand jury, before proceeding to or-
ganize said grand jury from those jurors then in at-
tendance upon the court, drew from the jury box the
names of sufficient additional jurors necessary to com-
plete the juries required, and that such names last
drawn were placed in the hat or box together with the
jurors first drawn, and from the list as thus completed
and placed in the hat or box the names of the jurors to
constitute the grand jury were drawn.

Section 20 of the jury law approved August 31, 1909
(Acts 1909, p. 314), provides that whenever there are

not enough qualified jurors in attendance upon the court to form the juries required that the judge of the court shall draw from the jury box names of as many jurors as he may deem necessary to complete all juries then required, and that "the court shall then proceed to impanel, or complete the impaneling of the juries as provided in this act."'

Section 23 of the jury law provides "that no objection to an indictment on any ground going to the formation of the grand jury which found the same can be taken to the indictment, except by plea in abatement to the indictment; and no objection can be taken to an indictment by plea in abatement except upon the ground that the grand jurors who found the indictment were not drawn by the officer designated by law to draw the same."

The cases of *Osborn v. State,* 154 Ala. 44, 45 South. 666, and *Nordan v. State,* 143 Ala. 13, 39 South. 406, cited by appellant are not in point. In those cases the illegal action consisted in adding to the number of grand jurors after the grand jury had been once legally organized, and not to the manner of drawing, summoning or impaneling the jurors to be organized as a grand jury. In *Spivey v. State,* 56 South. 232 the jury was not drawn by the officer designated by law.—*Fryer's Case,* 146 Ala. 4, 41 South. 172, and *Tucker's Case,* 152 Ala. 1, 44 South. 587, are inapplicable. The former case was where a grand jury had been organized without legal warrant or authority in law and held at a time not allowed by law. The latter case is one where the objection was that the officers designated by law did not draw the jury. The ruling of the trial court in denying the motion to quash and in sustaining the state's demurrers to the defendant's pleas in abatement is free from error.—*Jordan Crandall v. State,* 2 Ala. App. 112,

56 South. 873; see, also, *Thompson v. State,* 122 Ala. 12, 26 South. 141.

The insistence of counsel for defendant in his brief that the indictment is void because one Christopher Columbus Rogers served on the grand jury that returned the indictment, and was not, at any time, drawn as a grand juror, cannot be reviewed when it appears that the question is raised for the first time in this court and no objection was made or exception reserved in the court below. It has been uniformly held that such an objection, to be available, must have been raised in the lower court.—Code 1907, § 6256; Acts 1909, p. 315, § 23; *Nugent v. State,* 19 Ala. 540; *Morgan v. State,* 19 Ala. 556; *Bass v. State,* 37 Ala. 469; *Harrington v. State,* 83 Ala. 9, 3 South. 425; *Tipton v. State,* 140 Ala. 39, 37 South. 231; *Hatch v. State,* 144 Ala. 51, 40 South. 113; *Harrell v. State,* 160 Ala. 91, 49 South. 805. The charges requested by the defendant are not numbered, as they should be to avoid confusion in discussing them.—*Gibson v. State,* 89 Ala. 122, 8 South. 98, 18 Am. St. Rep. 96; *Ry. Co. v. Cofer,* 149 Ala. 565, 43 South. 102.

The first charge set out in the record as requested in writing by the defendant and refused is erroneous, in that it predicates the belief of defendant that he was in danger, and what he understood to be necessary to entitle him to act in self-defense, and not what the law requires as sufficient to authorize such action. The second charge set out ignores the element of retreat. The third charge set out as refused singles out a part of the evidence and gives undue prominence to it and limits the question of freedom from fault and duty to retreat to a restricted time. The charge is not a sufficient statement of legal principles, but is confusing in its tendency and involved in the statements as to defendant's

[Mathes v. The State.]

duty to retreat. The fourth charge authorizes the defendant to act upon his honest belief that there was a necessity to defend himself even to the taking of the life of his assailant, without regard to whether his honest belief was such a belief as would under similar circumstances be entertained by a reasonably prudent man. The statement in the latter part of the charge that whether the danger was real or apparent makes no difference provided it was such as to convince a reasonable man that it was necessary for him to act to save himself does not relieve the charge of the vice pointed out, as this statement does not predicate the existence of a real or apparent necessity for the defendant to kill the deceased in order to save himself, but predicates merely the necessity of some action on his part to save himself.

The fifth charge set out ignores entirely the element of retreat as an essential in acting in self-defense, and is unintelligible.

The charges given at the request of the state are not numbered or designated in any way, and confusion would follow their discussion without setting them out. This is unnecessary, even if incumbent on the court, as a careful examination of these charges leads us to the conclusion that they are all correct statements of principles of law and were properly given under the evidence, although the better practice is not to ask or give numerous written charges in behalf of the state.

The record presents no error prejudicial to the defendant for review, and the case will be affirmed.

Affirmed.