# Jones *v.* The State.

### *Murder.*

(Decided February 6, 1913.  61 South. 334.)

*Indictment and Information; Objection to; Mode.*—Since the enactment of the jury law, Acts 1909, p. 305, objections to indictments on any ground going to the formation of the grand jury which returned them can be taken in no other way than by plea in abatement, and not then except on the ground that the grand jurors were not drawn by the officers designated by law to draw them.

APPEAL from Jefferson Criminal Court.

Heard before Hon. M. FRANK CAHALAN.

Arthur Jones was convicted of murder and he appeals. Affirmed.

C. D. COMSTOCK, for appellant.  The indictment should have been quashed on motion of defendant.— Acts 1909, p. 305.  The defendant was arraigned before one of the judges of the Criminal Court, and tried and sentenced by another judge of such court at the same term, each of whom were acting separately, and operates as a discontinuance.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, and BORDEN H. BURR, for the state.  The defendant's objection to the indict-

ment was not taken in the proper way.—Acts 1909, p. 315, sec. 23; *Mathes v. State,* 3 Ala. App. 7; *Collins v. State,* 3 Ala. App. 64; *Thornton v. State,* 59 South. 234. There was no evidence to support the objections to the indictment and no exception to the court's ruling, and hence it cannot be reviewed.—*Garrett v. State,* 97 Ala. 18; *Jordan v. State,* 165 Ala. 114; *Kimball v. State,* 165 Ala. 118.

McCLELLAN, J.—The appellant was adjudged guilty of murder in the first degree, and sentenced to suffer death. When brought before the court to be arraigned, he presented to the court a paper thus captioned: "Comes the defendant, Arthur Jones, and objects and protests against being arraigned in this cause and to answer said indictment.   *   *   *   "   The "reasons and grounds" assigned therefor were these: That the grand jury was illegally drawn; that said grand jury was not drawn as is required by law; that a number of the grand jury were not qualified to serve on said jury as is required by law; and that defendant had not been served with a list of the venire to try him, nor had he had notice of the drawing thereof. The objections were as general as our statement of them indicates.

The record proper affirmatively shows that the defendant was present, in open court, during all of the proceedings in the cause, and at all stages thereof, and also that a copy of the venire for his trial and a copy of the indictment were served on the defendant four days before the day for which his trial was set. The bill of exceptions, in which his objection and protest is set forth, contains no evidence, of any character, reflecting upon the truth of the facts the record, in this connection, recites. Since the Jury Law of 1909 has been in effect, objections to indictments on any ground going

[German v. The State.]

to the formation of the grand jury can only be taken by plea in abatement, and no objection can be taken by that character of pleading, except on the ground that the grand jurors who found the indictment were not drawn by the officer designated by law to draw the same.—Acts Sp. Sess. 1909, pp. 305-316; *Thornton v. State,* 4 Ala. App. 205, 59 South. 234; *Mathes v. State,* 3 Ala. App. 7, 12, 57 South. 390; *Collins v. State,* 3 Ala. App. 64, 67, 58 South. 80. Section 23 of that act (page 315) reads: "That no objection to an indictment on any ground going to the formation of the grand jury which found the same can be taken to the indictment, except by plea in abatement to the indictment; and no objection can be taken to an indictment by plea in abatement except upon the ground that the grand jurors who found the indictment were not drawn by the officer designated by law to draw the same."

No error appearing, the judgment is affirmed.

Affirmed. All the Justices concur, except DOWDELL, C. J., not sitting.