# Brand *v.* The State.

## Seduction.

(Decided May 11, 1915.   Rehearing denied June 15, 1915.
69 South. 379.)

1. *Witnesses; Compelling Attendance; Accused.*—Under section 6, Constitution 1901, a defendant is entitled only to the ordinary process by subpoena, to require the attendance of his witnesses, and not to the extraordinary process of attachment.

2. *Trial; Continuance; Discretion.*—It is within the sound discretion of the trial court to grant or refuse a continuance, and not reviewable, unless gross abuse is shown.

3. *Jury; Trial by; Right of Accused.*—Where defendant was tried by a jury selected in accordance with the direction of the statute—

[Brand v. The State.]

Acts 1909, p. 314—he cannot complain that the selection was arbitrary, or contrary to section 6, Constitution 1901.

4. *Seduction; Evidence.*—Where the prosecutrix testified that the defendant made two previous attempts before he accomplished his purpose, the question as to when the seduction occurred became one for the determination of the jury.

5. *Same.*—In a prosecution for seduction it is competent to show all that occurred at the meeting where the defendant first had intercourse with the prosecutrix.

6. *Appeal and Error; Harmless Error; Evidence.*—Where evidence has been improperly admitted, the error is cured by the action of the court in later excluding such evidence, and directing the jury not to consider it.

7. *Same; Right to Complain.*—Where, in response to a motion to that effect, evidence was excluded, and the jury directed not to consider such evidence, but the defendant afterwards introduces evidence to rebut such excluded evidence, he cannot then complain of the improper evidence formerly introduced.

8. *Charge of Court; Covered by Those Given.*—The courts will not be put in error for refusing charges which are substantially covered by written charges given.

9. *Same; Undue Prominence to Facts.*—Charges which give undue prominence to particular facts, or unduly stress or call attention to particular evidence, or parts of the evidence, are properly refused.

10. *Seduction; Elements.*—If by arts or blandishments, defendant induced the prosecutrix to surrender her virtue, he is guilty of seduction, although he only praised her beauty, etc.

11. *Same.*—If by temptation or flattery defendant induced the prosecutrix to surrender her virtue, she being a chaste woman, the offense was seduction, although her mind was not overcome.

12. *Same.*—In a seduction prosecution the question to be determined is: was the woman chaste, and did she, as the results of the arts, etc., of the defendant, consent to sexual intercourse?

13. *Charge of Court; Province of Jury.*—Charges asserting that the mere fact that defendant had sexual intercourse with the prosecutrix does not warrant a conviction of seduction, were properly refused, as invasive of the province of the jury.

14. *Same; Argumentative.*—Such charges may also be refused as argumentative.

15. *Same; Unintelligible.*—A charge asserting, "the court charges the jury that inducing a woman who was previously chaste and unmarried does not of itself constitute seduction," is unintelligible.

16. *Trial; Continuance; Discretion.*—Where defendant had attachment for his witnesses, and thereafterwards they gave bail for their appearance, but did not appear at the trial, defendant could not complain that the witnesses were admitted to bail, notwithstanding the court refused to hear his proper showing for a continuance on the ground of the absence of such witnesses, the state refusing to admit the showing; but this latter action was a denial of the right of the

[Brand v. The State.]

defendant to be heard by himself and his counsel guaranteed by section 6, Constitution 1901.

17. *Same; Showing.*—The denial of the continuance on account of absent witnesses cannot be reviewed without a showing as to what they would testify.

APPEAL from Marshall Circuit Court.

Heard before Hon. W. W. HARALSON.

Dutch Brand was convicted of seduction, and he appeals. Reversed and remanded on rehearing.

The following charges were refused to the defendant: "(3) Although you may be satisfied beyond a reasonable doubt that defendant had sexual intercourse with the prosecutrix, and that no one had ever had sexual intercourse with her, and that defendant had told her she was good-looking and pretty, yet this is not enough to warrant a conviction."

"(6) The jury must find beyond all reasonable doubt that the flatteries, temptations, or other deceptions that are alleged to have been used were such as would overcome the mind of a chaste woman, and that they did in fact overcome her mind, and that they were the sole cause of her yielding.

"(7) You must be convinced beyond all reasonable doubt that the temptations, flatteries and deceptions of the defendant were such that would cause a chaste woman to surrender her chastity, and not such as would, under any other circumstances, cause a woman to have sexual intercourse.

"(8) Although you may be satisfied beyond all reasonable doubt that defendant had sexual intercourse with the prosecutrix, this is not enough to authorize a conviction."

(9) Same as 3.

"(5) The court charges the jury that inducing a woman who was previously chaste and unmarried does not of itself constitute seduction."

[Brand v. The State.]

JOHN A. LUSK & SON, for appellant.

W. L. MARTIN, Attorney General, and W. H. MITCHELL, Assistant Attorney General, for the State.

BROWN, J.—(1, 2) Section 6 of the Constitution of 1901 does not guarantee to the accused the personal attendance of his witnesses, but a right to "have compulsory process for obtaining witnesses in his favor," and this has been construed to embrace only the ordinary process of subpoena, and not the extraordinary compulsory process by attachment in case subpoena duly served is not obeyed.—*Sanderson v. State*, 168 Ala. 109, 53 South. 109; *Childress v. State*, 86 Ala. 77, 5 South. 775.

In this case it was shown that the defendant obtained the ordinary process of subpoena for his witnesses, which was served before the previous term of the court, and that at the term to which such subpoenas were returnable the witnesses did not appear. The accused was put on a showing, and, the prosecuting attorney refusing to admit the showing, the accused was granted a continuance, and attachments were issued for his witnesses, all of which were served by the sheriff, and the witnesses required to give bail for their appearance at the term at which the accused was tried and convicted. It is further shown that the absent witnesses at the time of the trial were within the jurisdiction of the court, that their release on bail was without the consent of the accused, and that the witnesses were absent without his procurement or consent. And the court refused to again put the state on a showing as to what these absent witnesses would swear.

It is well settled that the granting or refusing of a continuance is a matter within the discretion of the trial court, and will not be reviewed unless gross abuse

of the discretion is shown, resulting in prejudice and injury to the accused.—*Walker v. State,* 117 Ala. 85, 23 South. 670; *Huskey v. State,* 129 Ala. 94, 29 South. 838; *Stevens v. State,* 138 Ala. 71, 35 South. 122; *Rodgers v. State,* 144 Ala. 32, 40 South. 572; *Kelly v. State,* 160 Ala. 48, 49 South. 535; *Redmond v. State,* 4 Ala. App. 190, 59 South. 181; *White v. State,* 86 Ala. 69, 5 South. 674.

The court has no discretion in denying to the accused a constitutional right. The Constitution and the law are the source of the court's authority, and if it is made to appear that the accused has been denied a constitutional right, then the question of discretion is not to be considered. From the facts stated above, it is clear that the accused had the full benefit of the provision of the Constitution. He was granted the extraordinary compulsory process, as well as the ordinary process, for securing the attendance of his witnesses.—*Sanderson v State, supra; Childress v. State, supra.* The Constitution does not authorize the court to use its extraordinary process to arrest and incarcerate a witness without bail for the benefit of the accused, but it prohibits such a course.—Const. 1901, § 16. And this is true whether the accused consented to the release of the witnesses on bail or not.

The question, therefore, is: Does the record show a gross abuse of discretion? The jurisdiction of the trial court in matters of enforcing the attendance of witnesses is co-extensive with the territory of the state, and while it is shown that the witnesses were within the jurisdiction of the court, their location is not shown; nor is it shown that their personal attendance could have been compelled by the extraordinary process of attachment within a reasonable time, and without undue delay of the business of the court. It is not shown what, if

any, effort the accused has made to obtain the testimony of his witnesses, otherwise than by the process of the court. While the record shows that a showing was made at the former term of the court as to what facts these witnesses would testify to, and that the prosecuting attorney refused to admit the showing, and the defendant thereby obtained a continuance of his case, the record does not show that he made such showing at the trial term; nor does it show what facts the accused expected to prove by these witnesses, or that if they were present their testimony would be material. In view of these facts, we are not able to say that the trial court was guilty of a gross abuse of discretion in denying to the accused a continuance or further delay on account of the absence of these witnesses, or of further process to compel their attendance, or in refusing to put the state on another showing.

(3) Section 6 of the Constitution, providing that the accused in all prosecutions by indictment is entitled to "a speedy public trial by an impartial jury of the county or district in which the offense was committed," is a guaranty against the arbitrary selection of a jury by the officers of the court.—*Finnett v. State*, 12 Ala. App. 237, 67 South. 768; *People v. Hall*, 48 Mich. 482, 12 N. W. 665, 42 Am. Rep. 477. But when the jury is drawn and selected in strict accordance with a valid statute previously enacted, the selection cannot be said to be arbitrary and a violation of the Constitution, and, the trial court having followed the statute in the drawing of the jury, the appellant has no ground for complaint.— Acts 1909, p. 314, § 20; *Mathes v. State*, 3 Ala. App. 7, 57 South. 390.

(4-6) The testimony of the prosecutrix tends to show that on the two first occasions the efforts of accused to have sexual intercourse with her were against her will

and were unsuccessful, and that the first time he succeeded in his efforts was on the third occasion, when she met him in the pasture. Under this evidence, it was a question for the jury when, if ever, the offense of seduction was complete.—*Watts v. State,* 8 Ala. App. 268, 63 South. 18. The court ruled correctly in the admission of the evidence embracing what occurred in the pasture. And in view of the fact that her evidence is not positive to the point that even the third effort was by her consent and resulted in copulation, the court might have been justified in allowing the evidence of subsequent transactions between the accused and prosecutrix to go to the jury. However this may be all that occurred after the third meeting between the parties was excluded, and the instructions and admonitions of the court to the jury were sufficient to cure the injurious effects, if any, of its admission.—*Hicks v. State,* 11 Ala. App. 290, 66 South. 873.

(7) After the court excluded all the evidence of the prosecutrix as to her conduct with the accused after the third attempt at sexual intercourse with him, including the evidence tending to show that she became diseased as a result of her association with accused, he offered evidence tending to show that one Shumate was responsible for prosecutrix's diseased condition, and solicited defendant's aid in conveying medicine to her, and cannot now complain that the jury may have been influenced by the evidence previously offered by the state of the same character.

(3) Refused charges 1, 2, and 4 are covered by given charges C, D, and Q.

(9, 10) Charge 3 singles out and gives undue prominence to certain facts, and was calculated to mislead the jury to the conclusion that if the facts hypothesized did

[Brand v. The State.]

not show defendant's guilt, they would not be justified in finding a verdict of guilty.

(11) This charge also invades the province of the jury in assuming that the acts of flattery hypothesized did not induce the prosecutrix to surrender her virtue. "There can be no case falling within the words of the statute, taken in their largest meaning; no seduction by any temptation, deception, art, flattery, or by any promise of marriage, which is not within the spirit and intent, and within the mischief against which the statute is directed."—*Wilson v. State,* 73 Ala. 532. If, therefore, the accused by his conduct aroused the sexual passions of the prosecutrix by art of flattery and thus tempted her to surrender her virtue, he would be guilty of seduction, and from the facts hypothesized the jury had the right to so find.—*Hall v. State,* 134 Ala. 90, 32 South. 750.

(12) Charge 6 was properly refused. It is not necessary that the temptation, flattery, or arts used should overcome the mind of the woman. "It is sufficient if the intercourse was the result of the arts practiced."—*Hall v. State, supra.*

(13) Charge 7 was well refused. The question is not, were the means used sufficient to cause a chaste woman to surrender her chastity? but, was the woman chaste, and did she, as a result of the arts practiced by the accused, consent to sexual intercourse?—*Hall v. State, supra.*

(14, 15) Charges 8 and 9, refused to the defendant, invade the province of the jury, and are argumentative.

(16) Charge 5 is incomplete and unintelligible, and was well refused.

We find no error in the record, and the judgment of the circuit court is affirmed.

Affirmed.

[Brand v. The State.]

ON REHEARING.

(17, 18) On re-examination of the case, and in view of the showing in the record that "the defendant moved the court to permit him to make a showing of what he expected to prove by said (absent) witnesses, and this the court refused and denied, and to this ruling and action of the court the defendant then and there duly excepted," we are of the opinion that the judgment must be reversed. The defendant was entitled to make this showing to the trial court, and to be heard to that extent, at least, as a predicate to exercising his right to review the action of the court in refusing to grant a continuance. This is a right "to be heard by himself and counsel," guaranteed by the Constitution.—Const. 1901, § 6; *Sellers v. State,* 7 Ala. App. 78, 61 South. 485; *Chandler v. State,* 12 Ala. App. 287, 68 South. 536. Such a showing to the trial court, either verbally or in writing, was necessary in order to get into the record the facts necessary to his right of review. As was correctly held in the original opinion, without such showing in the record we cannot review the question of the abuse of discretion.

The application for rehearing is therefore granted, and the judgment of the trial court is reversed, and the cause remanded.

Reversed and remanded.