(75 South. 176)

WELLS v. STATE. (4 Div. 454.)

(Court of Appeals of Alabama. April 10, 1917. Rehearing Denied May 15, 1917.)

CRIMINAL LAW ⊜614(1)—TRIAL — CONTINUANCE.

A summons was issued to a witness desired by accused, but was not executed. Subsequently another summons was returned not found by the sheriff, and the sheriff stated that he was unable to find the witness in the county. At the trial and at the time of the application for a continuance, the records of the court failed to show that there was an outstanding summons for the witness, although counsel for defendant stated that they had the day before advised the sheriff as to where the witness lived, and that sheriff had asked defendant's counsel to take the summons and have the witness served. Held, that refusal to extend the case a second time was not error.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1312–1314.]

Appeal from Circuit Court, Covington County; A. B. Foster, Judge.

Mitchell Wells was indicted for murder in the second degree, convicted of manslaughter in the first degree, and he appeals. Affirmed.

Before entering upon the trial of the cause defendant made known to the court that he was not ready for trial because of the absence of a witness Bud Oglesby; that said Oglesby lived at Florala in said county, and that the sheriff had been so advised a few days before the trial, with the request that he be summoned; that a summons was issued from the law and equity court on February 20, 1913, and was executed; that on May 25, 1913, the case was tried in the law and equity court, and Bud Oglesby was present and testified. After the case was reversed and a new indictment returned on April 15, 1913, a summons was issued from the circuit court for Bud Oglesby, but not executed, and again in November, 1915, a

summons was issued for Bud Oglesby and returned not found by the sheriff, and the sheriff stated in open court that he was unable to find said witness in Covington county, but at the time the case was tried, and at the time of the application for a continuance, the records of the court failed to show that there was an outstanding summons for the witness to appear, although counsel for appellant stated in open court that they had the day before advised the sheriff as to where the witness lived, and asked him to have the witness served at once, and that sheriff had asked defendant's counsel to take the summons and have the witness served. The court declined to continue the case, or to pass it until the witness could be served.

Baldwin & Murphy, of Andalusia, for appellant. W. L. Martin, Atty. Gen., and P. W. Turner, Asst. Atty. Gen., for the State.

SAMFORD, J. The defendant was indicted for murder and was tried and convicted of manslaughter in the first degree, and from a judgment of conviction he appeals.

The only error complained of is the refusal of the court to continue the case a second time. We have examined the facts as shown by the bill of exceptions, and we are of the opinion that the trial court gave to the defendant every right to which he was entitled, and this case is affirmed on the authority of Brand v. State, 13 Ala. App. 390, 69 South. 379.

There is no error in the record, and the judgment of the lower court is affirmed.

Affirmed.