(92 South. 522)

## GILBERT v. STATE. (7 Div. 731.)

(Court of Appeals of Alabama. Feb. 7, 1922.)

1. Criminal law ⊗═══1151—Refusal of continuance because jurors were present at trial of another for same offense on same testimony discretionary.

That the jurors were present in court when another was tried for the same offense and on the same testimony is not ground for revising the refusal of continuance, which was, in the trial court's discretion, reviewable only for gross abuse.

2. Criminal law ⊗═══511(2)—Accomplice testimony on prosecution for manufacturing intoxicating liquor held sufficiently corroborated.

Accomplice testimony on a prosecution for manufacturing intoxicating liquor *held* sufficiently corroborated by evidence tending to connect defendant with the commission of the offense, as required in a felony case.

3. Criminal law ⊗═══1036(2), 1054(1)—Objection and exception necessary for review of court's interrogation of witnesses.

There can be no review of interrogation of witnesses by the court, there having been no objection made and exception reserved.

4. Criminal law ⊗═══1120(9)—For review of admission of contract, it should appear in bill of exceptions.

Admission in evidence of a contract cannot be held error, it not appearing in the bill of exceptions, so that its relevancy cannot be determined.

5. Criminal law ⊗═══1037(1)—Remark of solicitor at trial not reviewable on objection first made on motion for new trial.

By failure to call the court's attention to remark of the solicitor in the jury's presence when made, objection thereto was waived, so that there can be no review on objection first raised on motion for new trial.

6. Criminal law ⊗═══1124(4)—Evidence must be in bill of exceptions for review of refusal of new trial.

Overruling of motion for new trial is not reviewable, the evidence offered in support thereof not being included in the bill of exceptions, as required by Acts 1915, p. 722.

Appeal from Circuit Court, De Kalb County; W. W. Haralson, Judge.

Andrew Gilbert was convicted of violating the prohibition laws, and he appeals. Affirmed.

Isbell, Scott & Downer and Appleton & Presley, all of Fort Payne, for appellant.

The defendant was entitled to the affirmative charge, as the accomplices were not corroborated. Section 7897, Code 1901; 4 Ala. App. 90, 58 South. 685. The court should not have examined the witnesses. as to matters about which the prosecuting attorney could not examine them. Section 43, Const. 1901. The remarks of the solicitor constituted a good ground for granting a new trial. 169 Ala. 552, 53 South. 803.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

There was sufficient corroboration. 134 Ala. 145, 32 South. 273.

There was no merit in the insistence that the defendant should not have been put upon a jury that had heard a companion case. 204 Ala. 311, 85 South. 393; Acts 1909, p. 317. The defense did not object at the time to the remarks of the solicitor, and consequently waived it. 126 Ala. 95, 27 South. 760.

BRICKEN, P. J. The indictment contained two counts. Count 1 charged (omitting the formal parts) that the defendant manufactured alcoholic, spirituous, malted, or mixed liquors or beverages, a part of which was alcohol. And the second count charged that he manufactured, sold, gave away, or had in his possession a still, apparatus, appliance, or some device or substitute therefor, to be used for the purpose of manufacturing prohibited liquors or beverages, etc.

There was a general verdict of guilty, and the judgment of conviction followed accordingly.

[1] The defendant moved the court to continue this cause on the grounds that the jurors had been present in the courtroom during the trial of the case of State v. B. F. Norris, in which the defendant was on trial for the same offense as this defendant, and in which the testimony was the same as in this case. The court overruled this motion for a continuance, and defendant excepted. It has been many times held that continuances are within the discretion of the trial court, and its action in granting or refusing a continuance will not be reviewed, on appeal, unless a gross abuse of the discretion is shown. White v. State, 86 Ala. 69, 5 South. 674. We are of the opinion that no such abuse of the court's discretion is here shown; that the fact that the jurors were present in court when the Norris Case was tried does not afford a revisable ground for refusing to continue the case. Stover v. State, 204 Ala. 311, 85 South. 393.

[2] It is insisted that the defendant was entitled to the affirmative charge on the grounds that the only evidence against him, and upon which the state necessarily relied for a conviction, was the evidence of admitted accomplices J. Truss and Joe White. And it is insisted that there was no other evidence offered upon the trial of this case tending to connect the defendant with the commission of the offense.

This defendant was charged with and con-

---

⊗═══For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

victed of a felony. The statute provides that a conviction of felony cannot be had on the testimony of an accomplice, unless corroborated by other evidence tending to connect the defendant with the commission of the offense; and such corroborative evidence, if it merely shows the commission of the offense, or the circumstances thereof, is not sufficient.

The important question presented by the record and insisted upon by counsel for appellant presents for our consideration and review the inquiry whether the testimony of the accomplices named, implicating the defendant, was sufficiently corroborated to render the submission of guilt vel non of the defendant to the jury. A careful consideration of all the evidence offered by the state on the trial of this case convinces us that this contention of appellant's counsel cannot be sustained, and we shall briefly set out our reasons.

The testimony of state witnesses Truss and White (accomplices) was direct and to the point that the defendant was guilty of actually distilling or manufacturing the prohibited liquors. Upon this proposition there can be no dispute or division of opinion. So the question remains, Was the testimony of the accomplices corroborated by other evidence tending to connect the defendant with the commission of the offense? In this connection we find that by other testimony it appears without dispute that this defendant was present at the still at the time and place testified to by the alleged accomplices. His close proximity thereto is without dispute, and thus the opportunity to do the acts complained of is unequivocally established. Further it is shown by testimony, other than that of the alleged accomplices, that at or about the time of the alleged unlawful distilling of prohibited liquors by these men the defendant purchased large and unusual quantities of sugar, and the undisputed testimony shows that large quantities of sugar were used in the operation of the still complained of. There is also testimony tending to show that this defendant had undertaken to buy the crop, etc., belonging to the alleged accomplice Truss, and had endeavored to induce him to leave the state in order to suppress his testimony and prevent him from testifying against this defendant in connection with the alleged offense of distilling and manufacture of prohibited liquors. And finally there is some evidence of the flight of defendant shortly after the time of the alleged offense; the testimony in this respect being to the effect that the officers having a warrant for the arrest of defendant made search for him at his home and in that neighborhood, only to find that he had left and gone into a distant state, where he was afterwards arrested and returned to this state to answer the charge complained of.

In addition to the above enumerated corroborative testimony, on rebuttal by state, witness Walter Norris testified that he saw Truss and defendant at the still; that they had a lard can over the fire, and seemed to be boiling it; that they were not making liquor; that he didn't see any liquor; that it looked like beer, and they were boiling it in a lard can and pouring it back in a barrel.

We are of the opinion that these several distinctive incriminating facts, which were shown by other evidence than that of the alleged accomplices, tend to connect the defendant with the commission of the alleged offense, and were sufficiently corroborative to render the submission to the jury of the question of the guilt or innocence of the defendant. We are of the opinion that as a result of this corroborative evidence the requirement of the statute supra has been met, and that therefore the court did not err in refusing the affirmative charge to defendant. It is of course true that the defendant when testifying as a witness in his own behalf undertook to explain his presence at the still during the time in question. He also gave his version of the attempt to buy the crop of the alleged accomplice, and denied that he endeavored to induce him to leave the state in order that he could not appear against defendant as a witness. He also testified as to the disposition he made of the large quantities of sugar which he was shown to have purchased about that time. Finally he denied that his leaving his home and community about that time and going into a distant state where he was apprehended and returned was for the purpose of fleeing from a contemplated or pending prosecution or from a sense of guilt in connection with the offense here charged. This testimony constituted a material conflict in the evidence, thereby making it a question solely for the determination of the jury.

[3] Appellant complains in his brief of the action of the court in propounding certain questions to certain witnesses. No objection was made to this action of the court and no exception reserved upon that ground. This question is therefore not presented. However, we have examined the court's action in this connection, and are of the opinion that the court committed no error. To the contrary it appears the court was acting within the line and scope of his authority in thus endeavoring to ascertain the true facts in order that both the state and the defendant should have a fair and impartial trial.

[4] We cannot predicate error upon the court's allowing in evidence the alleged contract relating to the sale of the crop of witness Truss. As the contract in question does not appear in the bill of exceptions, we are therefore unable to pass upon its relevancy.

[5] Counsel state in their brief that the court erred in not setting aside the verdict

of the jury because of a remark of the solicitor in the presence and hearing of the jury as it was retiring that he was not going to try any more of these cases before these jurors. This point is first raised on motion for new trial, and so far as the record shows no objection on this ground was made at the trial of the cause. It was therefore waived, and it could not be for the first time raised upon motion for new trial. If the objection had been made at the trial proper, the court would have had an opportunity to pass upon the question. The Supreme Court in passing upon objection to argument of counsel made for the first time on motion for new trial, in the case of L. & N. R. R. v. Sullivan Timber Co., 126 Ala. 95, 104, 27 South. 760, said that by failure to call the court's attention to the argument when made he had waived it.

[6] The action of the court in overruling the motion for new trial is not presented. Crawley v. State, 16 Ala. App. 545, 79 South. 804. The evidence offered in support of said motion is not included in the bill of exceptions, as the law requires. Powell v. Folmar, 201 Ala. 271, 78 South. 47; Acts 1915, p. 722.

No error appearing, the judgment of the circuit court is affirmed.

Affirmed.

<hr>

⬉For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes