**TRAYLOR v. STATE. (8 Div. 177.)**

(Court of Appeals of Alabama. Aug. 19, 1924. Rehearing Denied Sept. 2, 1924.)

1. **Intoxicating liquors ☜238(1) — Count charging manufacture properly withdrawn, where no evidence to sustain.**

Court properly charged out first count charging manufacture of intoxicating liquors, where there was no evidence to sustain such charge.

2. **Criminal law ☜589(1)—Facts held not to show abuse of discretion in denying defendant continuance in liquor prosecution.**

Trial court's discretion *held* not abused in denying defendant in liquor prosecution continuance because not ready for trial, in that he had been sick and had not learned that grand jury had indicted him and had not employed counsel or had his witnesses summoned.

3. **Criminal law ☜1151—Question of continuance will be reviewed, but no reversal had, except where gross abuse of discretion shown.**

Question of granting or denying continuance will be reviewed by appellate court, but no reversal will be had, except where gross abuse of discretion by trial court is shown.

4. **Criminal law ☜753(1)—Affirmative charge should not be given when any evidence tending to make case against party asking charge.**

Generally, affirmative charge should never be given where there is any evidence, though inconclusive, tending to make case against party asking charge.

5. **Intoxicating liquors ☜238(1)—Evidence held to make jury question as to possession of still.**

In prosecution for possessing a still, evidence *held* to make question of defendant's guilt a question for jury.

Appeal from Circuit Court, Marshall County; W. W. Haralson, Judge.

Henry Traylor was convicted of possessing a still, and he appeals. Affirmed.

Certiorari denied by Supreme Court in Ex parte Traylor, 211 Ala. 614, 101 So. 533.

On the day of the trial, the record shows, the defendant appeared and announced that he was not ready for trial for the reason that he had been sick, had not learned until the day of trial that the grand jury had indicted him, and had not employed counsel or had his witnesses summoned; that he had been arrested some time before, but had waived preliminary, and that he had called at the clerk's office to find out whether he had been indicted, but the clerk's office was closed. Upon employing counsel, motion was made for a continuance, which motion the court overruled.

P. W. Shumate, of Guntersville, for appellant.

The evidence was not sufficient to sustain the verdict. Knight v. State, 19 Ala. App. 296, 97 So. 163; Hill v. State, 19 Ala. App. 483, 98 So. 317; Wheat v. State, 19 Ala. App. 538, 98 So. 698; Watts v. State, 19 Ala. App. 549, 98 So. 914; Biddle v. State, 19 Ala. App. 563, 99 So. 59; Hanson v. State, 19 Ala. App. 249, 96 So. 655; Guin v. State, 19 Ala. App. 67, 94 So. 788; Seigler v. State, 19 Ala. App. 135, 95 So. 563.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

There is no error in the record.

BRICKEN, P. J. The indictment against this appellant, defendant below, contained two counts. Count 1 charged that he distilled, made, or manufactured alcoholic, spirituous, malted, or mixed liquors or beverages, a part of which was alcohol. Count 2 charged in the usual form the unlawful possession of a still to be used for the purpose of manufacturing prohibited liquors or beverages.

[1] When the testimony was all in, the court properly charged out the first count, as there was no evidence to sustain the charge contained in that count. The case went to the jury under the second count, and from a judgment of conviction under said count, based upon the verdict of the jury, defendant appealed.

The main insistence of error is the insufficiency of the evidence to support the judgment. This question is raised in three ways: (1) By defendant's motion to exclude the evidence, made at the close of the state's case; (2) by the refusal of the affirmative charge requested in writing; and (3) by overruling defendant's motion for a new trial.

[2, 3] It is also contended that the court committed reversible error in refusing to grant a continuance of this cause under the showing made to the court by the defendant. We cannot so hold under the following au-

thorities: Gilbert v. State, 2 Ala. App. 95, 57 So. 127; Scott v. State, 3 Ala. App. 150, 57 So. 413; Brown v. City of Tuscaloosa, 12 Ala. App. 609, 67 So. 780; Brand v. State, 13 Ala. App. 394, 69 So. 379; Gilbert v. State, 18 Ala. App. 393, 92 So. 522; Lutz v. V. H. Brokerage Co., 202 Ala. 234, 80 So. 72. These, and many other authorities, hold that the question of continuance rests in the sound discretion of the court, and the rule prevailing for many years in this state was that the trial court's action in this regard was not reviewable. The present, and we think better, rule is that the question will be reviewed by the appellate courts, but no reversal will be had, except where a gross abuse of the discretion is shown. Here no such abuse of this discretion appears.

[4, 5] On the question as to the sufficiency of the evidence to support the verdict and sustain the judgment of conviction we are of the opinion that a jury question was presented, and therefore the court was without authority to direct a verdict; for the general rule is the affirmative charge should never be given where there is any evidence, though weak and inconclusive, tending to make a case against the party who asks the charge. In the instant case we are of the opinion that the following facts testified to by state witness Hyde (some of which was denied by defendant) tended to make out a case against defendant on the charge contained in the second count of the indictment. The testimony of Witness Hyde (sheriff) tended to show that he knew the defendant, Henry Traylor; that some time during the preceding month of July he and three other parties located a complete still in the upper end of beat 16 or 17 in Marshall county; that he arrived at the still about 3 o'clock in the afternoon and watched the still until just before sundown, at which time he saw this defendant come to the still alone. He testified in this connection:

"He came up the hollow and he had a load of wood. It was just a little basin place, and there was some wood stacked over there above the still, and Mr. Traylor came with a load of wood, and placed his wood down on the other wood, and examined the beer, and stirred up the beer in the barrels, and then went over and looked at the beer in the box, and then stepped out just above the still on a rock and commenced fanning with his hat. Then I arrested him. There was another pile of wood just above the still, and he just placed this wood down on the other wood that was there. He brought the wood from the edge of the field, a quarter of a mile."

He also testified:

"Really I don't know whose field it was. Nobody lived close there. The defendant lived some two and one-half miles from the still. No one else came there. He did not have anything else beside the wood."

This witness also gave other testimony descriptive of the still, which he termed a complete one, and the surrounding condition, which included about 500 or 600 gallons of beer.

The defendant corroborated what the sheriff had testified to, except he denied that he stirred the beer. He stated he examined the beer and tasted of it. His contention was that he had found the still the Monday before and had gone back to it on Thursday in order to find out who it belonged to. He explained carrying the wood to the still by stating he wanted to find out whose still it was, and that he carried the wood when he went for that purpose "to keep them from running off or from shooting me."

As to the insufficiency of the evidence to support a conviction which appellant so earnestly insists is clearly apparent we think the facts as shown by the testimony and the conflicts therein made a jury question.

No error appears upon the record. The judgment will be affirmed.

Affirmed.