(124 So. 507)
## CREEL v. STATE. (6 Div. 515.)
Court of Appeals of Alabama. March 19, 1929.

Rehearing Denied June 25, 1929.

242

L. D. Gray and J. M. Pennington, both of Jasper, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

RICE, J. Appellant, hereinafter referred to as the defendant, was tried on April 4, 1928, convicted of the offense of burglary, and given a sentence to serve imprisonment in the penitentiary for a term of not less than ten nor more than twenty years.

The defendant was charged by indictment containing three counts; the first charging burglary, the second grand larceny, and the third buying, receiving, or concealing stolen property. This indictment was returned by the grand jury March 3, 1928. Defendant's pleas in abatement A and B, to both of which the state's demurrers were sustained, set up the facts that at the time this indictment was returned, and when the defendant was tried thereon, there was pending in the circuit court in which the defendant was tried another indictment against the defendant, returned December 20, 1927, charging the defendant in two counts with burglary and grand larceny, based upon the same alleged unlawful act as that charged in the indictment on which the defendant was tried and convicted in this cause; that the defendant was put upon trial in said court on the charges embraced in said indictment returned December 20, 1927, on February 14, 1928, and an order of "mistrial" was entered and the jury discharged, in said trial on February 15, 1928, without the consent of the defendant and when there was no manifest necessity for the discharge of said jury.

The defendant filed written application for continuance, sworn to, and based upon the fact that his leading counsel could not assist in the trial of the case on the day the same was set, on account of the death of a very close friend, and because the case had already been tried during the same term of the court, and a mistrial entered. The court overruled the application.

After the verdict of the jury and the sentence of court, the defendant filed motion for new trial, based upon two grounds, viz.: First, the alleged insufficiency of the evidence to support the verdict; and, second, the allegation that one O. M. Sherer, a jury commissioner, alleged to have been active in soliciting funds with which to employ the special attorneys to assist the solicitor and his assistant in the prosecution of the defendant, sought to, and probably did, exert some influence on members of the jury, against the defendant, after they had been impaneled to try the case, by wrongfully making a show of friendship for them, and remarking in their presence, "We have a good-looking jury."

The evidence introduced on behalf of the state tended to show, in consonance with the charge laid in the indictment, that the store of the Cash Grain Company, a partnership composed of J. O. Argo and R. A. Argo, in which store were kept for sale goods, wares, and merchandise, all things of value, and all the property of said partnership, was broken into and entered by the defendant, and certain of said articles of merchandise feloniously taken therefrom by him. An outline or summary, of such evidence, cannot conveniently be incorporated herein.

The evidence on behalf of the defendant tended to refute that on behalf of the state by showing that the merchandise in question, defendant's possession of which was not denied by him, was purchased by defendant from a woman who lived near the store of the Cash Grain Company, and removed from said woman's house at exactly the time the state's testimony tends to show the store of the Cash Grain Company to have been entered.

■ The only "breaking" tended to be shown by the state's evidence, in connection with the "entering" of the store of the Cash Grain Company, which was likewise indicated, consisted of "unlocking" the lock on the front door with a key. But under our decisions this form of "breaking and entering" when shown is sufficient to sustain the charge of burglary on which defendant was convicted. Norman v. State, 13 Ala. App. 337, 69 So. 362.

While we have carefully read the entire record in this case, and given particular consideration to each ruling made, still it appears clearly that the only rulings not manifestly correct, and which merit any discussion at our hands, are those the exceptions to which have been argued by defendant's able counsel in their brief filed on this appeal. We will therefore confine our remarks to the questions argued for error in the said brief. No brief has been filed on behalf of the state.

■ Defendant's plea of former jeopardy B appears not to be "verified by oath." This, unless its "truth appears by some matter of record, or other written evidence accompanying it," is fatal to its sufficiency. Code 1923, § 5197.

There is nothing apparent of record authorizing us to hold that the truth of the averments of defendant's said plea B "appears by some matter of record" in such sense as to obviate the necessity of said plea being verified by oath, in accordance with the mandate of Code 1923, § 5197, supra. For aught that appears strictly of record, the indictment, trial, etc., referred to in said plea, might have been for another and distinct, though exactly similar, offense. There was therefore, in our opinion, no prejudicial error in sustaining the state's demurrers to defendant's said plea 'B, regardless of what might be said of its sufficiency had it been properly verified.

■ No abuse of the trial court's discretion appears in its action in overruling defendant's application for a continuance, when the case was called for trial. The state of facts set up in said application do, indeed, show a rather touching situation, as regards the defendant's able leading counsel's reasons for being unable to take part in the trial, but the situation surrounding the defendant himself does not show, in our opinion even as strong reasons for a continuance as that surrounding the defendant in the case of Traylor v. State, 20 Ala. App. 262, 101 So. 532, the case cited and relied upon as authority by appellant's counsel, for our holding as error the said action of the trial judge in this case. And in the Traylor Case we held that no abuse of the trial court's discretion was shown.

Doubtless the feelings of the said leading counsel were torn between his effort to perform adequately his conflicting duties of sentiment and loyalty to his deceased friend and patron, and his client, the defendant; but the record here gives evidence that the defendant's interests did not suffer. He appears clearly to have been defended on his trial by able and skillful counsel and by counsel who manifested no embarrassment by a lack of familiarity with the whole history of the case against his client.

■ One of defendant's material witnesses was Monroe Williams. Much testimony was offered by the state tending to impeach the general character and reputation of this

witness. The same state of facts are shown with reference to defendant's witness Cornelius.

The court, at the request of the state, gave written charges numbered 1, 2, 3, 4, 5, 6, 7, and 8 which appear in the report of this case.

Under the authority of the decision in Leatherwood v. State, 17 Ala. App. 498, 85 So. 875, it was not error to give said written charge 1. The same is true of said written charges 2, 3, 4, and 8. Said written charges 5 and 6 were each given, without error, under the authority of Ala. Steel & Wire Co. v. Griffin, Adm'r, 149 Ala. 423, 42 So. 1034. Also see McClellan v. State, 117 Ala. 140, 23 So. 653.

State's given written charge 7 has been many times held to be a good charge by both this court and the Supreme Court.

We have examined each of the written charges requested by and refused to defendant. In each instance the refusal was manifestly correct.

The exceptions reserved on the taking of testimony raise no more than elementary questions of law. In no instance do we find the court to have committed prejudicial error. Appellant's able counsel argue some of them, but without citation of any authority tending to support their argument. We know of no such authority ourselves.

The evidence was ample to support the verdict returned and the judgment rendered thereon.

The trial court, with the witnesses before him, found that no improper effort had been made by the man Sherer, named in defendant's motion for a new trial, to influence the verdict of the jury. We see no reason for disturbing this finding. The motion for a new trial was properly overruled.

The case appears to us to have been carefully and fairly tried, and the judgment is affirmed.

Affirmed.