(80 South. 158)

## BRIDGEFORTH v. STATE. (8 Div. 620.)

(Court of Appeals of Alabama. June 4, 1918. Rehearing Denied June 29, 1918.)

CRIMINAL LAW ⊗⟹718—REMARKS OF COUNSEL.

Remark of state's counsel in his closing argument, "My experience has been that it is difficult to get evidence against a bootlegger; they always work and squirm to keep from testifying," being a reference to a matter of common observation, was not prejudicial error; not being the statement of a substantive fact pertinent to the issue.

Appeal from Circuit Court, Morgan County; R. C. Brickell, Judge.

Alice Bridgeforth was convicted of violating the prohibition law, and she appeals. Affirmed.

W. T. Lowe, Callahan & Harris, and Wert & Lynne, all of Decatur, for appellant.

F. Loyd Tate, Atty. Gen., and Emmett S. Thigpen, Asst. Atty. Gen., for the State.

SAMFORD, J. From the bill of exceptions, it appears that in open court, while the trial was in progress, and while the state's counsel was making his closing argument, he made the following statement to the jury:

"I don't know what your experience is, but my experience has been that it is difficult to get evidence against a bootlegger; they always work and squirm to keep from testifying."

This remark of the solicitor, made in the course of his address to the jury, was a reference in argument to a matter of common observation, and, if not entirely justified, was not the statement of a substantive fact pertinent to the issue (Cross v. State, 68 Ala. 476–484), nor do we think that the issues, the parties, and the general atmosphere of the case were such as to render the remark prejudicial error (Moulton v. State [Sup.] 74 South. 454;[2] Birmingham Ry. Co. v. Gonzalez, 183 Ala. 273, 61 South. 80, Ann. Cas.

1916A, 543). The foregoing is not in conflict with the line of cases cited in appellant's brief, but, as was said in Moulton's Case, supra, "each case of this character must be decided on its own merits."

We find no error in the record, and the judgment is affirmed.

Affirmed.