(87 South. 885)

GARDNER v. STATE. (8 Div. 725.)

(Court of Appeals of Alabama. June 22, 1920. Rehearing Denied Nov. 9, 1920.)

1. CRIMINAL LAW ⊗➡995(2)—JUDGMENT ENTRY HELD TO SUFFICIENTLY SHOW DEFENDANT'S APPEARANCE.

A judgment entry showing that defendant appeared in his own proper person and was arraigned was a sufficient showing of the fact in the record as against an objection that the judgment failed to show that the "defendant appeared in open court" upon his arraignment.

2. CRIMINAL LAW ⊗➡829(1) — REFUSAL OF COVERED CHARGE NOT ERROR.

It is not error to refuse a requested charge fully covered by given charge.

3. CRIMINAL LAW ⊗➡1036(1)—NO COMPLAINT OF INTRODUCTION OF EVIDENCE IN ABSENCE OF OBJECTION.

Appellate court in a criminal case is not called upon to pass upon the relevancy of the testimony, where the examination of the record shows that no objection was made to the questions eliciting it.

4. CRIMINAL LAW ⊗➡365(1), 369(1, 15), 371(1) —EVIDENCE OF OTHER CRIMES WHEN ADMISSIBLE.

Evidence of a distinct similar offense is not receivable against a defendant as a general rule, but such evidence is admissible to show intent to establish the identity of the defendant to make out the res gestæ or to make out a chain of circumstantial evidence of guilt in respect to the act charged.

5. LARCENY ⊗➡58 — STATE NEED SHOW ONLY THAT MONEY STOLEN WAS LAWFUL MONEY OF THE UNITED STATES.

In a prosecution for grand larceny, all that was necessary for the state to show was that the money taken was lawful money of the United States and the property of the complaining witness, and it was immaterial that the witness could not tell whether the money alleged to have been stolen was greenback, Federal Reserve notes, or silver certificates.

6. CRIMINAL LAW ⊗➡719(1)—STATEMENT OF SOLICITOR TO CONSTITUTE ERROR MUST BE MADE AS FACT AND BE UNSUPPORTED BY EVIDENCE.

In order to constitute reversible error, a statement of the solicitor in the argument of a case must be made as a fact, and the facts so stated must be unsupported by the evidence.

7. LARCENY ⊗➡41 — JURY MAY INFER THAT PURSE STOLEN FROM ONE POCKET WAS TAKEN BY PERSON FOUND ATTEMPTING TO PICK OTHER POCKET.

If a purse is missed from one's right pocket, taken without his knowledge, and in a few minutes he finds a certain person trying to take money out of his left pocket, it is but a natural inference that such pickpocket got the money out of the right pocket, and court did not err in so instructing the jury in a grand larceny case.

8. CRIMINAL LAW ⊗➡351 (3)—FLIGHT OF ACCUSED ADMISSIBLE.

Flight of accused is circumstance to be considered by the jury with the reasons that prompted it in determining guilt.

Bricken, P. J., dissenting.

Appeal from Circuit Court, Morgan County; O. Kyle, Judge.

Joe Gardner was convicted of grand larceny, and appeals. Affirmed.

Certiorari denied 87 South. 888.

C. L. Price, of Albany, and Wert & Hutson, of Decatur, for appellant.

Counsel insist that the judgment is not sufficient to show that defendant appeared in open court, but they cite no authority. The charge set out in the opinion should have been given. 131 Ala. 10, 31 South. 569; 130 Ala. 99, 30 South. 394. The court erred in permitting it to be shown that defendant was seen going around through the crowd, stealing money, or attempting to do so. 83 Ala. 46, 3 South. 305; 39 Ala. 253, 84 Am. Dec. 782. A question should not call for the conclusion of the witness. 148 Ala. 490, 42 South. 749; 40 Cyc. 24. The money was not sufficiently described. 97 Ala. 82, 12 South. 276. Remarks of the solicitor were objectionable. 12 Cyc. 580; 74 Ala. 386.

J. Q. Smith, Atty. Gen., and Harwell Davis, Asst. Atty. Gen., for the State.

The judgment entry was sufficient. 147 Ala. 70, 41 South. 924; 133 Ala. 128, 32 South. 227. The charge complained of was improper, but fully covered by the charges given. 165 Ala. 50, 51 South. 610; 179 Ala. 9, 60 South. 842. The evidence discussed in appellant's brief was admitted without proper objection, and hence appellant cannot

complain. 115 Ala. 108, 22 South. 479; 154 Ala. 1, 45 South. 895; 79 South. 802. In any event, the evidence was properly admitted. 39 Ala. 247, 84 Am. Dec. 782; 41 Ala. 45, 91 Am. Dec. 498; 42 Ala. 532; 52 Ala. 313; 140 Ala. 118, 37 South. 76, 103 Am. St. Rep. 17. The money was sufficiently described. 61 Ala. 282. There is no merit in the objection to the argument of the solicitor. 68 Ala. 476; 74 Ala. 39; 114 Ala. 1, 22 South. 71.

MERRITT, J. [1] The defendant was indicted, tried, and convicted upon a charge of grand larceny. The evidence was to the effect that Mr. Johnson left home early one morning to attend a circus in Albany, Ala., and that shortly after leaving home he had occasion to make some change, and knew that he had a $10 bill, two $5 bills, some $1 bills, and other money in his right-hand pants pocket. He did not spend the money, and he also had some money in his left-hand pants pocket. He first missed the money out of his right pocket, on the show grounds, about 10 o'clock in the morning, about one minute and a half after the defendant had his hand in witness' left-hand pants pocket. Witness stated he knew that he had the money in his right-hand pocket just as he started to go down to the circus grounds, but could not say positively that he had it in his pocket when he got there; that he did not see the defendant take his money. The defendant testified that he lived in Birmingham and came to Albany the day of the circus, arriving there about 11 a. m., and that he did not go to the circus grounds until some time in the afternoon; that he did not get the money. The first insistence in counsel's brief is that the judgment fails to show that the "defendant appeared in open court" upon his arraignment. The judgment entry shows that the defendant appeared in his own proper person, and was arraigned, and this is a sufficient showing of this fact. Dix v. State, 147 Ala. 70, 41 South. 924; Cawley v. State, 133 Ala. 128, 32 South. 227.

[2] The defendant contends that the court erred in not giving the following written charge:

"I charge you, gentlemen of the jury, that although you may believe from the evidence that there is a possibility of defendant's guilt, but the law requires you to go further than the mere possibility or probability, for the law requires you to base your verdict from the evidence adduced from the witnesses upon the stand, and which evidence of said witness you must believe beyond all reasonable doubt and to a moral certainty that defendant is guilty as charged before you can possibly find the defendant guilty."

This charge, in effect, means that the jury must be convinced of the guilt of the defendant beyond a reasonable doubt and is fully covered by the oral and written given charges, and therefore its refusal constituted no error. Smith v. State, 165 Ala. 50, 51 South. 610; Underwood v. State, 179 Ala. 9, 60 South. 842.

[3] The court permitted the state to introduce testimony showing that this defendant, during the day of the alleged larceny, which was circus day, was seen going around through the crowd, either stealing money from the pockets of various people, or that he was attempting to do so. An examination of the record shows that no objection was made to the questions eliciting this testimony, and, this being true, this court is not called upon to pass upon the relevancy of this testimony. Smith v. State, 16 Ala. App. 546, 79 South. 802; Downey v. State, 115 Ala. 108, 22 South. 479; Raymond v. State, 154 Ala. 1, 45 South. 895.

[4] The serious insistence, however, of counsel for the defendant being that such testimony was irrelevant, leads us to declare again what is our conception of the law bearing on testimony of this character. The evidence in this case was entirely circumstantial. The witness Johnson, who lost the money, said that, while he was not positive, the defendant "looks just like the man who had his hand in my pocket, and in my best judgment he is the man." The court limited the admission of this testimony to show the intent of the defendant. As a general rule, evidence of a distinct similar offense is not receivable against a defendant, but the exception is that such evidence is admissible to show intent, to establish the identity of the defendant, "to make out the res gestæ, or to make out a chain of circumstantial evidence of guilt in respect to the act charged." Mason et al. v. State, 42 Ala. 532; Yarbrough v. State, 41 Ala. 405; McIntosh v. State, 140 Ala. 137, 37 South. 223; Mitchell v. State, 140 Ala. 118, 37 South. 76, 103 Am. St. Rep. 17; Gassenheimer v. State, 52 Ala. 313; Ingram v. State, 39 Ala. 247, 84 Am. Dec. 782; Scott v. State, 150 Ala. 59, 43 South. 181.

[5] Although the witness Johnson could not tell whether the money alleged to have been stolen was greenback, Federal Reserve notes, or silver certificates, all that was necessary for the state to show was that it was lawful money of the United States and the property of Mr. Johnson, and this was done. Walker v. State, 85 South. 305.[1] Moreover, if there was a variance, it was not raised as required by Supreme Court rule 34 (175 Ala. xxi).

[6] We do not think there is any merit in the objection made to the argument of the solicitor. In order to constitute reversible error, a statement by a solicitor in the ar-

---

[1] Ante, p. 416.

gument of a case must be made as a fact, and the fact so stated must be unsupported by the evidence. This was the expression of an opinion or conclusion, and from the state's contention was supported by one phase of the evidence. Cross v. State, 68 Ala. 476; B. R., L. & P. Co. v. Gonzales, 183 Ala. 275, 61 South. 80, Ann. Cas. 1916A, 543; Tossie King v. State, 87 South. 701;[2] Bridgeforth v. State, 16 Ala. App. 584, 80 South. 158.

[7, 8] The defendant insists that the court committed error in charging the jury (in effect) that, if they found beyond a reasonable doubt that Mr. Johnson had money in his pocket on the date it is alleged to have been taken, and that the defendant without the knowledge or consent of Mr. Johnson put his hand in one of his (Mr. Johnson's) pockets, and that afterwards Mr. Johnson, if he had money in the other pocket, found it to be gone, the jury, if they saw proper, could infer from the fact, if a fact, that the defendant put his hand in the left-hand pocket of Mr. Johnson, that defendant was the person who took the money out of the right-hand pocket of Mr. Johnson, if in fact any money was taken out of Mr. Johnson's right-hand pocket. We do not agree with counsel for the defendant in their contention, but think this could have been a legitimate inference from the facts set out, and that it was well within the province of the jury to make such inference, if the evidence warranted it, and within the province of the court to so instruct them. Many inferences of the most serious nature, and the most commonplace, as for that, are often drawn from a given set of facts; in fact, from unquestioned facts the most legitimate inferences are drawn. If my purse is missed from my right pocket, taken without my knowledge, and in a few minutes I find John Jones trying to take money out of my left pocket, it is but a natural inference that he got the money out of my right pocket. Neither was this a charge on the effect of the evidence, but a statement of how the jury might consider it should they find certain facts to exist, just the same as a jury might infer malice from the use of a deadly weapon under certain circumstances. Just so the flight of the accused, if the jury should believe was from a consciousness of guilt, is one of a series of circumstances to be considered by the jury, with the reasons that prompted it, by which an inference of guilt may be raised.

There is no error in the record, and the judgment is affirmed.

Affirmed.

SAMFORD, J., concurs.

[2] Ante, p. 536.

BRICKEN, P. J. (dissenting). The writer is constrained to dissent from the conclusion reached by a majority of this court. My dissent is predicated on the questions of law as dealt with by the majority, as well as upon the questions of fact. As to the latter, however, I shall content myself by stating that in my opinion the facts contained in the record and the inferences to be drawn therefrom do not show, by the high degree of proof necessary to a conviction, that any crime has been committed; furthermore, the identity of the defendant as shown by the testimony is very vague and uncertain. I recognize that the views of an individual judge on questions of fact are of but slight concern to any one unless, of course, such views are adopted by at least a majority of the court; therefore I shall refrain from dealing specifically with the to me patent discrepancies so clearly apparent in this connection, and shall content myself by stating that in my opinion the case against defendant was not made out, and that the affirmative charge requested by him should have been given.

The proposition of law upon which I differ with my Associates is the ruling of the court upon the objections interposed to the argument of the solicitor. There were three separate and distinct statements of the solicitor made in argument to which timely objections were interposed and proper motion made for their exclusion; the court in each instance ruling adversely to the defendant. The statements were as follows: (1) "Gentlemen, are you going to allow that pickpocket sitting over there (referring to defendant) to go free?" (2) "They don't like for me to call Joe (the defendant) a pickpocket." (3) "This defendant is a pickpocket and has been following this circus around."

While I am clearly of the opinion that each of these statements were unauthorized and not legitimate arguments, as they were statements of facts, not predicated upon the evidence, and that it did not lie in the mouth of the solicitor to decide these vital questions, to the contrary this most important duty devolved upon the jury, I cannot see where there is room for doubt or argument as to the statement numbered (3) quoted above, "This defendant is a pickpocket and has been following this circus around." Whether the defendant was a pickpocket was a question for the jury to decide from all the evidence in the case, but even the jury were not authorized to find that "the defendant had been following this circus around," as there was absolutely no evidence of any character in the entire record to support such a finding, and therefore the solicitor brought himself within the inhibition of the rule which prescribes the limits of fair discussion; the rule being that "the state-

ment must be made of fact; the fact stated must be unsupported by any evidence and must be pertinent to the issue, or its natural tendency must * * * be to influence the finding of the jury." Cross v. State, 68 Ala. 476. As before stated, there was nothing in the record authorizing this unwarranted statement of fact. That it was pertinent to the issue and its natural tendency calculated to influence the finding of the jury cannot be questioned. I refrain from a reiteration, so often expressed, of the duty devolving upon a trial judge in questions of this character, realizing he is called upon to perform a responsible and at the same time a very delicate duty when passing upon the freedom of counsel in the argument of their cases, but do think that when, as in this instance, there occurs an unwarranted abuse of this freedom of argument and privilege of counsel, the trial judge not only should interfere and restrain such abuse, but, if it should appear necessary, should rebuke counsel guilty thereof, and he should by positive and explicit instructions disabuse, as far as practicable, the minds of the jury of any prejudicial impression engendered thereby or which were calculated to be thus engendered. I am of the opinion that the test should be, not that actual injury resulted, but was the unwarranted statement calculated to or might it have created such prejudicial impressions upon the minds of the jury?

The rulings of the court excepted to in this connection were error and should effect a reversal of the judgment of conviction, and the cause should be remanded in order that the defendant should be accorded a fair and impartial trial by jury upon the evidence in the case, and not, as here, be tried upon the unwarranted and unauthorized statements of fact by the solicitor which were wholly unsupported by any evidence adduced upon the trial.