(91 South. 499)
### BEAN v. STATE. (8 Div. 847.)

(Court of Appeals of Alabama. June 21, 1921. Rehearing Denied Oct. 4, 1921.)

**1. Criminal law ⬯722(3)—Comment of state's counsel on defendant's conduct held legitimate.**

Where, in a murder prosecution, testimony disclosed that defendant for more than 25 years had been living in open adultery and that his children worked in the illicit manufacture and sale of whisky, which evidence was brought out to show the relations between the parties and explain circumstances surrounding the killing, comment upon this evidence by state's counsel was legitimate.

**2. Criminal law ⬯730(12), 1063(5)—Exception to improper remarks of state's counsel sustained by court not considered on appeal; and question must be raised by motion for new trial.**

Where, in a homicide prosecution, objections to the argument of state's counsel as to defendant's conduct were sustained by the court which ruled with defendant, defendant was not entitled to an exception, and, no motion for a new trial having been made and overruled, the question of the improper remarks is not available on appeal.

**3. Criminal law ⬯829(1)—No error in refusing instruction covered by oral charge.**

In a homicide prosecution, where the written charges requested by defendant were fully covered by the oral charge of the court and written charges given at defendant's request, there was no error.

Appeal from Circuit Court, Jackson County; W. W. Harralson, Judge.

John C. Bean was convicted of manslaughter in the first degree, and he appealed. Affirmed.

Certiorari denied 207 Ala. 709, 91 South. 921.

The defendant was charged with killing one George Stevens by shooting him with a pistol. The difficulty occurred at the home of the Mullins family and seems to have originated because Bean was acting improperly towards a woman there, and, when Mullins interfered, to prevent further misconduct on Bean's part, Stevens took hold of Mullins, to prevent any further difficulty, and, after things became somewhat quiet, Stevens released Mullins, approached Bean, in an effort to get him to leave, when one shot was fired, striking Mullins in the left breast and killing him.

Bouldin & Wimberly and John B. Tally, all of Scottsboro, and Estill & Crownover, of Winchester, Tenn., for appellant.

The court erred in its action relative to the remarks of the solicitor. 68 Ala. 476; 110 Ala. 53, 20 South. 468; 183 Ala. 273, 61 South. 80, Ann. Cas. 1916A, 543; 199 Ala. 411, 74 South. 454; 90 Ala. 596, 8 South. 670.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

SAMFORD, J. [1, 2] The testimony for the state disclosed a state of facts which, if true, more than justified the verdict rendered by the jury, and, in connection with these facts and as a part of them, it developed that the defendant had for more than 25 years been living in a state of open adultery and using the children of the adulterous intercourse, as they became old enough, in the illicit manufacture and sale of whisky. It further appears that the adulterous relation between the defendant and the mother of the children must have begun before the mother was 20 years of age. All of this evidence was brought out in connection with the homicide, to show the relations between the parties and in explanation of circumstances surrounding the killing. Comment upon this evidence by counsel, as it affected the guilt or innocence of the defendant, was legitimate, not that he should be convicted on the charge of murder, by reason of those facts, but in explanation of his acts, his motives, and the weight that the jury should give to his testimony. For this purpose the solicitor might state what the facts showed and draw inferences of guilt as charged, from the facts proven. But the defendant was not on trial for being a criminal all his life, or for raising a family of bastard children, or for seducing the girl, the mother of the bastards; nor was he on trial on a

---

charge of illicit distilling or training his children to be wild-catters. The solicitor in his closing argument to the jury said:

"Gentlemen of the jury, you have before you an old criminal. He has been a criminal all his life and ought to be put up for the rest of his days. He has raised this family of bastard children and brought them up and trained them up and trained them to be wild-catters. He took that girl, their mother, and seduced her at 15 years of age."

The defendant was on trial charged with the killing of George Stephens, and it was the duty of the court and the solicitor to see that he was tried, and, if guilty, convicted. of that offense and his punishment fixed, based upon that verdict, uninfluenced, as far as possible, by incidental proof of other violations of law. Coming as it did, at the close of a long trial, in which many witnesses had testified for the state to facts and circumstances tending to impress the jury along the lines of the remarks of the solicitor, and during the closing address of the solicitor to the jury, the remarks were subject to the objection interposed, and the court properly so ruled. The ruling of the court was clear and to the point raised. It is true the court in making the ruling also said. "My recollection the only testimony is that he was convicted one time, that he has not been convicted several times," and the solicitor then said, "That is an inference I draw from the testimony." But as to this remark of the court and of the solicitor, there was objection by defendant, and the court said: "No, gentlemen of the jury, I sustain the objection. You will not consider that." According to the record, the defendant excepted to this ruling of the court, made in response to his objection. In dealing with the objections to the remark of the solicitor, the court each time and promptly ruled with defendant. In Moulton v. State, 199 Ala. 411, 74 South. 454, the trial court ruled adversely on the defendant's objections. So, also, in Scott v. State, 110 Ala. 48, 20 South. 468. Such, was the case in Jones v. State, 170 Ala. 76, 54 South. 500, and Bridgeforth's Case, 16 Ala. App. 584, 80 South. 158, and Gardner's Case, 17 Ala. App. 589, 87 South. 885, and in Cross v. State, 68 Ala. 476, the court said:

Speaking of the conclusion of this court as to reversal on error for improper statements by counsel in argument, "there must be objection in the court below, the objection overruled, and an exception reserved."

In the case at bar the objection was sustained. In Birmingham Ry., L. & P. Co. v. Drennen, 175 Ala. 338-350, 57 South. 876, 880, Ann. Cas. 1914C, 1037, the Supreme Court, speaking through Mayfield, J., said:

"This court, on appeal, can only review the actions and rulings of the trial courts, and not those of counsel."

The trial court, having ruled with the defendant with reference to the solicitor's remarks, was not entitled to an exception, and, no motion for a new trial having been made and overruled, this court cannot give to the defendant the benefit of a consideration of a question not presented as was the case in Cassemus v. State, 16 Ala. App. 61, 75 South. 267.

[3] The written charges requested by defendant and refused by the court, in so far as they assert correct principles of law, are fully and amply covered by the oral charge of the court and the written charges given at the request of defendant.

We find no error in the record, and the judgment is affirmed.

Affirmed.

---

⟢For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes