## MOTES v. STATE.   (8 Div. 57.)

(Court of Appeals of Alabama. May 29, 1923.)

1. Criminal law ⟨⟩1170(3)—Any error in sustaining state's objection to evidence cured by its later admission.

In a prosecution for burglary, any error in sustaining objection to defendant's evidence as to statements made by another the night before his trial was cured by its later admission.

2. Criminal law ⟨⟩829(1)—Refusal of charge covered by charge given not error.

The refusal of a charge substantially covered by oral charges given was not error.

3. Criminal law ⟨⟩1066—Ruling on motion for new trial not reviewed where no exceptions to ruling reserved.

In view of Acts 1915, p. 722, where no exception was reserved to the ruling of the court on motion for new trial, such ruling cannot be reviewed.

Appeal from Circuit Court, Morgan County; Osceola Kyle, Judge.

John Motes was convicted of burglary, and appeals. Affirmed.

W. E. Skeggs, of Decatur, for appellant.

No brief reached the Reporter.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

BRICKEN, P. J. The indictment contained three counts. Appellant was convicted of burglary as charged in the first count. This count contained the allegation that the defendant (naming him), with the intent to steal, broke into and entered the storehouse of R. L. Henderson in which goods, merchandise, things of value were kept for sale.

[1] Pending the trial several objections and motions relative to the testimony were made, but in one instance only was an exception reserved to the rulings of the court, and therefore this is the only question presented for review so far as relates to the admission and exclusion of the testimony. John Motes, defendant, was recalled in his own behalf, and the following is shown by the record to have occurred: He stated: "Yes, sir: I saw Will

Blankenship that night, before the trial." And upon being asked, "What did he say at that time?" the state objected, and the court sustained the objection, to which ruling defendant excepted. There was no error in this ruling; but, if there had been error in this connection, it was immediately cured by the witness (defendant) proceeding to state what he did say at that time. He stated:

"He told me at that time if me and Andrew didn't help him out in this case here, or swear for him, that he was going to put you in trouble too. He certainly did."

Refused charges 2, 3, 4, and 5 were the affirmative charges as to each count of the indictment and to the indictment as a whole. In this connection there was no error, as the evidence was in conflict and clearly presented a question for the jury.

[2] Refused charge 1 was fairly and substantially covered by the oral charge of the court, and also by several charges given at request of defendant.

Refused charge 6 was identical with one of the charges (not numbered) given at the request of defendant.

[3] The trial of this defendant was had on November 22, 1922, and on November 24, 1922, a motion for new trial was made in his behalf. No exception was reserved to the ruling of the court on the motion for new trial; therefore we are without authority to review the court's ruling—if such was had on the motion, for the bill of exceptions fails to include the decision of the court on the motion as required by law. Acts 1915, p. 722.

The record is free from error, and the judgment appealed from is affirmed.

Affirmed.