ALLEN v. STATE.  (7 Div. 809.)

(Court of Appeals of Alabama. June 26, 1923.)

Criminal law ⊝⟶1171(3)—Remarks of solicitor in argument not supported by evidence held prejudicial error.

In a prosecution for possessing a still, that the solicitor stated to the jury during argument, referring to defendant's character witnesses, "These men here are men of bad characters, and would not tell the truth," and also, "There was a damnable distiller over behind the hills when one of the jurors was praying at Sunday School," neither of which remarks were supported by evidence *held* prejudicial error.

Appeal from Circuit Court, De Kalb County; W. W. Haralson, Judge.

Lon Allen was convicted of possessing a still and appeals. Reversed and remanded.

Isbell & Scott, of Ft. Payne, for appellant.

Counsel argue for error in the remarks of the solicitor in his argument to the jury, but cite no authorities.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

SAMFORD, J. The testimony for the state was that of a deputy sheriff, who testified to a state of facts which, if believed beyond a reasonable doubt, were sufficient to make out the state's case. The defendant on his part offered the testimony of several witnesses which, if believed, was sufficient to have generated a reasonable doubt of defendant's guilt. In addition to the facts testified to by defendant and his witnesses in direct rebuttal of the testimony of the state's only witness, defendant offered several witnesses who testified unqualifiedly to defendant's good character. So far as this record discloses there is nothing in the evidence that even tends to impeach the character or testimony of the defendant's witnesses, except that of his wife and himself, whose natural interest in the outcome of the verdict is always to be considered, and is the subject of legitimate criticism, unless it may be said that the direct conflict between the defendant's witnesses and the single state's witness is of itself impeachment. There was no evidence that "these men here are men of bad characters, and would not tell the truth," nor was there any evidence that "there was a damnable distiller over behind the hill when one of the jurors was praying at Sunday School." The foregoing quoted remarks were made by the solicitor to the jury during his argument, at which time proper objections and motion were made by the defendant and overruled by the court. We have many times held that the statement of a fact by a solicitor in the argument of a case, unsupported by the evidence and calculated to prejudice the defendant's case before the jury, will entitle the defendant to a reversal, unless the injury is removed by the prompt rulings of the court, and that each case must be governed by the facts in that case. Gardner's Case, 17 Ala. App. 589, 87 South. 885; Bridgeforth v. State, 16 Ala. App. 584, 80 South. 158; B. R., L. & P. Co. v. Gonzalez, 183 Ala. 275, 61 South. 80, Ann. Cas. 1916A, 543; McMickens v. State, 16 Ala. App. 78, 75 South. 626. The solicitor is a public officer of great dignity and much power. He is the representative of the sovereign, in the prosecution of citizens charged with the infractions of the laws of the state, and of necessity what he says is liable to have more weight than when the same remark is made by a private citizen. The state wants no convictions by reason of the eloquence or adroitness of her prosecuting officers, and certainly not by reason of statements by them of facts not in evidence. Impassioned appeals to prejudice and statements in arguments of facts not supported by the sworn testimony of witnesses on the trial or other legal evidence admitted by the court have no legitimate place in argument to a jury by counsel in presenting their cases. This defendant should have a new trial, and for the errors pointed out the judgment is reversed, and the cause is remanded.

Reversed and remanded.

---

⊝⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes