### GRIMES v. STATE.   (7 Div. 85.)

(Court of Appeals of Alabama.   June 30, 1925. Rehearing Denied Aug. 4, 1925.)

1. **Criminal law ⬳260(13)—Solicitor held properly allowed to file complaint in liquor prosecution.**

In prosecution for possessing intoxicating liquors, solicitor was properly allowed to file a complaint, in view of Code 1923, § 3843.

2. **Criminal law ⬳878(5)—Verdict in liquor prosecution, finding defendant guilty as charged in complaint, held not erroneous.**

Verdict in prosecution for possessing intoxicating liquors, finding defendant "guilty as charged in complaint," held not erroneous,

though complaint as originally filed charged sale of prohibited liquors and possession thereof, where count charging sale was subsequently charged out.

3. **Criminal law ⬳720(1)—Argument by state's counsel held not improper.**

In prosecution for possession of prohibited liquors, argument of state's counsel that, "if jury saw that negro in Birmingham, he would have on named person's clothes," held not improper.

Appeal from Circuit Court, Shelby County; E. S. Lyman, Judge.

Charley Grimes was convicted of possessing prohibited liquors, and he appeals. Affirmed.

The prosecution was begun by affidavit made before a justice of the peace and returnable to the county court. From a judgment of conviction in the county court, defendant appealed to the circuit court, where a new complaint was filed by the solicitor, charging, in two counts, the sale, etc., of prohibited liquors, and the possession of such liquors. Count 1, charging a sale, was charged out, and a verdict was returned by the jury finding the defendant "guilty as charged in the complaint."

The solicitor, in his argument to the jury, made this statement:

"I bet, if you saw that negro in Birmingham, he would have on some ——— ———'s (using some person's name) clothes."

Paul O. Luck, of Columbiana, for appellant.

The prosecution, having been begun by affidavit, should have continued thereon, and it was improper for the solicitor to file a new complaint. Code 1923, § 4646; Corkran v. State, 17 Ala. App. 112, 82 So. 560; Walker v. State, 17 Ala. App. 3, 81 So. 179. The verdict was insufficient to support the judgment and was contrary to the charge of the court. Huckabaa v. State, 209 Ala. 4, 95 So. 42; Pate v. State, 19 Ala. App. 642, 99 So. 833.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

Code 1923, § 4646. The observation by the solicitor was not prejudicial. Bridgeforth v. State, 16 Ala. App. 584, 80 So. 158.

RICE, J. The defendant was convicted of violating the prohibition laws by having whisky in his possession, and appeals.

[1] There is nothing new or novel involved in any question here presented. It would only consume space to discuss the evidence. The solicitor was properly allowed to file the complaint. Code 1923, § 3843.

[2, 3] As the case was submitted to the jury, there was only one count in the complaint; so the criticism of the verdict is

without merit. The statement objected to, in the argument by state's counsel, was not improper. Bridgeforth v. State, 16 Ala. App. 584, 80 So. 158.

We have examined critically each exception reserved, as well as the record in this case, and, finding nowhere any prejudicial error, the judgment will be affirmed.

Affirmed.