(113 So. 646)

### GRAYHAM v. STATE. (6 Div. 231.)

Court of Appeals of Alabama. June 30, 1927.

Rehearing Denied Aug. 2, 1927.

L. D. Gray, of Jasper, for appellant.

Charlie C. McCall, Atty. Gen., for the State. Brief did not reach the Reporter.

SAMFORD, J. The indictment charged the defendant with robbery, was in Code form, and was sufficient to charge the offense. The verdict returned by the jury was:

"We, the jury, find the defendant guilty as charged in the indictment, and fix his punishment at imprisonment in the penitentiary for ten years."

We fail to see how a verdict could be any more explicit or definite. The verdict responded to the indictment, and the punishment was definitely fixed as provided by section 5460 of the Code of 1923.

■ There is no exception reserved to the action of the court in overruling the motion for rehearing. The court's action in this regard is not presented for review. Motes v. State, 19 Ala. App. 250, 96 So. 725; Thomas v. State, 20 Ala. App. 550, 103 So. 479; Windom v. State, 18 Ala. App. 430, 93 So. 79.

■■ A wide range is permissible in the cross-examination of witnesses, extending at times to matters not strictly material to the issues then being tried, but, when it appears that a witness has been thoroughly cross-examined, the court will not be put in error for sustaining objection to a question calling for answers not relevant to the issues. A question asking a witness to describe the last person he had seen before seeing the defendant, when the witness had already testified that he had not seen another person that day was entirely too remote to even test the recollection of the witness as to facts testified to in this case.

■ The question asked by defendant of the witness Yeager was objected to and exception reserved. The state's objection was sustained on the ground that the witness had repeatedly answered questions covering this particular question. This was discretionary.

It was relevant for the witness Cordell to testify, in response to a question, that he remembered around about the 21st of July of hearing that Tom Phillips was said to have been robbed, as tending to fix the time at which he had seen defendant at a certain place.

■ The defendant having testified as a witness, it was competent for the state to introduce evidence of his general bad character in the community in which he lived. This is one way of impeaching defendant as a witness. 1 Mayfield Dig. 161, par. 112.

There are many other exceptions in this record, none of which require specific consideration. They are such as frequently occur in the course of a hotly contested criminal trial, noted by the court reporter, and not insisted on later, but, under our system, they always find their way into the record on appeal. Such exceptions are hastily taken, with little or no consideration and should be eliminated from the bill of exceptions. None of these rulings constitute error to a reversal.

We find no error in the record, and the judgment is affirmed.

Affirmed.