On August 9, 1982, Lasker B. Tapley was robbed of $304.66 and shot to death at the Trackside Service Station in Birmingham, which he managed. Daryl Dewayne Lewis was indicted for the capital offense of murder during a robbery in the first degree. Alabama Code 1975, § 13A-5-40 (a)(2). A jury found him "guilty of the capital offense as charged in the indictment." After Mr. Tapley's wife and son testified that because of their Christian heritage and beliefs they did not want Lewis to receive the death penalty, Lewis waived a sentencing hearing before the jury. The trial judge then sentenced Lewis to life imprisonment without parole. Two major issues are raised on appeal. *Page 415 
 I
Lewis presents four objections to the closing argument of the Assistant District Attorney:
A. He argues that the prosecutor attempted to intimidate the jury by stating that they would have to reconcile their verdict with the victim's family. During his closing argument, the prosecutor stated:
 "And, sure, we contend that this man committed a robbery from the evidence in this case. But if you think that that's all he did, then maybe you'd better just look at this and let's get the stark realization.
 "We've got a man out there, and he's dead. And right now, from the pictures, we've got probes in his arms and in his belly. And if you think he's just guilty of robbery, you'd better be able to reconcile with yourself and with that family what's Lasker Tapley doing dead out there.
 "MR. PEARS [Defense Counsel]: Your Honor, we're going to object for the record, that the jury is going to have to reconcile anything with the Tapley family.
 "THE COURT: Sustained. Disregard it, ladies and gentlemen.
 "MR. PEARS: Your Honor, we would move for a mistrial on that ground.
"THE COURT: Overruled."
We find no error in the refusal of the trial judge to grant the requested mistrial. "A motion for a mistrial should not be granted where the prejudicial qualities of the comment can be eradicated by action of the trial court." Nix v. State,370 So.2d 1115, 1117 (Ala.Cr.App.), cert. denied, Ex parte Nix,370 So.2d 1119 (Ala. 1979).
Windom v. State, 18 Ala. App. 430, 93 So. 79, cert. denied, Exparte Windom, 208 Ala. 701, 93 So. 924 (1922), involved a murder prosecution wherein the prosecutor urged the jury to consider the victim's wife and children in reaching its verdict. That comment did not constitute reversible error.
 "In the course of his closing argument to the jury, the solicitor said:
 "`In reaching your verdict you should consider the widow of George Black and his orphan children.'
"The bill of exceptions recites:
 "`The defendant then and there objected to the statement of the solicitor', etc.
 "But no motion was made to exclude the remark. An isolated remark, such as the above, made in the course of an argument in a murder case, where the widow and children of the deceased had testified, without more, does not show such an impassioned appeal to the prejudice of the jury as to constitute reversible error. Besides, no motion was made to exclude the remark of the solicitor, . . . " Windom, 18 Ala. App. at 433, 93 So. 924.
We find no element of intimidation present in prosecutor's comment in this case.
B. Lewis also argues that the prosecutor improperly "educated" the jury on the complicity laws of Alabama.
In his argument to the jury, defense counsel admitted that Lewis was "accountable for the robbery" but denied any complicity in the murder. Defense counsel explained to the jury how Lewis could not be considered an accomplice or co-conspirator in the murder of Mr. Tapley. In rebuttal, the prosecutor argued the explanation he thought the trial judge would give on the law of complicity. Defense counsel raised no objection to the prosecutor's statements of the law at trial and, hence, has preserved nothing for review. Jones v. State
[Ms. 83-431, May 11, 1984] (Ala. 1984); Embrey v. State,283 Ala. 110, 120, 214 So.2d 567 (1968).
On appeal, Lewis does not argue that the prosecutor misstated the law. He merely contends that arguing the law to the jury was improper.
There was nothing objectionable in the prosecutor's comments on complicity. "Counsel may argue law generally to the jury, subject to the control and guidance of the trial court." Crowev. State, 435 So.2d 1371, 1382 (Ala.Cr.App. 1983). "(I)t is the *Page 416 
right of counsel under the guidance of the court to discuss the rules of law applicable to different phases of the testimony."Van Antwerp v. State, 358 So.2d 782, 788 (Ala.Cr.App.), cert. denied, 358 So.2d 791 (Ala. 1978). A trial judge may properly allow a district attorney to comment in his opening statement and closing argument on the principles of conspiracy, aiding and abetting, and principal and accessory. Clements v. State,370 So.2d 708, 713 (Ala.Cr.App. 1978), affirmed as to this issue, reversed on other grounds, 370 So.2d 723 (Ala. 1979).
C. It is also argued that the prosecutor argued that Lewis used a shotgun during the course of this robbery-murder when there was no evidence of such.
The objectionable remark and the response it elicited appear in the record as follows:
 "[Assistant District Attorney:] When you go into a store with loaded guns and you say you're going to rob, if there is a killing, that is the proximate result. You don't take that gun in there to pick your nose.
 "MR. PEARS: Your Honor, we're going to object to the D.A.'s characterization of a loaded gun. It's arguable that there may or may not have been a shotgun. But never once in this trial has there ever been evidence to show there was a loaded shotgun.
"THE COURT: Sustained.
"MR. PEARS: And I would ask —
 "THE COURT: Ladies and gentlemen, let me instruct you one thing: The statement of these lawyers, any one of the three lawyers, is not evidence in this case. You are not to consider those statements as evidence. The only evidence that you will consider in this case came from this witness stand. And as to what that evidence was, I'll leave it up to your individual recollection.
"Go ahead, Mr. Cahill.
"MR. PEARS: Thank you."
The judge's instructions to disregard and to consider only the evidence that came from the witness stand raises a prima facie presumption against error prejudicial to the defendant.Chambers v. State, 382 So.2d 632, 635 (Ala.Cr.App. 1980), cert. denied, Ex parte Chambers, 382 So.2d 636 (Ala. 1980).
Additionally, there was evidence that Lewis, armed with a shotgun, entered the Trackside Station with the triggerman, Kenneth Davis, who was carrying a loaded .22 caliber pistol. In a statement to the police, Lewis admitted that he had a shotgun when he went in the station. Although there was no testimony that the shotgun was loaded, the prosecutor's argument that the robbers went into the station with "loaded guns" is a reasonable inference from the evidence. We know that one of the "guns" was, in fact, the murder weapon. The statute defining robbery in the first degree establishes a presumption that any firearm is a deadly weapon for purposes of bringing the offense within the statute. Carter v. State, 420 So.2d 292, 294
(Ala.Cr.App. 1982); Alabama Code 1975, § 13A-8-41. "[I]t was unnecessary for the State to prove the gun was `operable and/or loaded.'" Carter, supra.
D. We have considered the cumulative effect of these arguments and conclude that they did not create an atmosphere of passion or prejudice. Sprinkle v. State, 368 So.2d 554, 560
(Ala.Cr.App. 1978), cert. quashed, 368 So.2d 565 (Ala. 1979). Our review of the entire argument of the Assistant District Attorney convinces us that his comments were within the bounds of proper argument based on the evidence and the legitimate and reasonable inferences to be drawn therefrom.
 II
"[N]o defendant is guilty of a capital offense unless he had an intent to kill, and that intent to kill cannot be supplied by the felony murder doctrine. Beck v. State, 396 So.2d 645,662 (Ala., March 6, 1981)"; Carnes, Alabama's 1981 CapitalPunishment Statute, 42 Ala. Law. 456, 468 (1981). See alsoEnmund v. Florida, 458 U.S. 782, 102 S.Ct. 3368,73 L.Ed.2d 1140 (1982), but *Page 417 
see Godbolt v. State, 429 So.2d 1131, 1134 (Ala.Cr.App. 1982), holding that Enmund is inapplicable to a defendant who does not receive the death penalty. However, a non-triggerman can be convicted of a capital offense if he was a knowing accomplice to the intentional killing itself. Ritter v. State,375 So.2d 270 (Ala. 1979). "[T]he accomplice liability doctrine may be used to convict a non-triggerman accomplice, if, but only if, the defendant was an accomplice in the intentional killing as opposed to being an accomplice merely in the underlying felony." Ex parte Raines, 429 So.2d 1111, 1112 (Ala. 1982), cert. denied, 460 U.S. 1103, 103 S.Ct. 1804, 76 L.Ed.2d 368
(1983).
Alabama's 1981 capital punishment statute under which Lewis was convicted "provides that a defendant who does not personally commit the intentional killing which is part of the capital offense is nonetheless guilty of it and can be convicted of the capital offense, if that defendant intentionally promotes or assists in the commission of the intentional killing which is actually done by another." Carnes, 42 Ala. Law. at 471.
Our duty on appeal was stated in Raines, 429 So.2d at 1113. "To affirm a finding of a `particularized intent to kill', the jury must be properly charged on the intent to kill issue, and there must be sufficient evidence from which a rational jury could conclude that the defendant possessed the intent to kill."
The jury was given proper instructions on the "intent to kill requirement." Womack v. State, 435 So.2d 754, 763
(Ala.Cr.App.), affirmed, Ex parte Womack, 435 So.2d 766 (Ala. 1983). The trial judge explained the doctrine of felony murder and that it could not be included as a component part of the capital charge. He stated that the jury must find the existence of an intentional killing. He defined the law of conspiracy and charged that the jury must find that Lewis was "legally accountable for the behavior and act of Kenneth Davis" before they could convict of the capital charge. The judge instructed the jury, as requested by Lewis, that the defendant's mere presence at the scene of the crime and that his failure to raise a hue or cry for help do not necessarily constitute complicity by the defendant in the murder. The only two instructions requested by Lewis were given. Defense counsel stated that he had no exceptions to the judge's instructions, and therefore he preserved nothing for review. Allen v. State,414 So.2d 989 (Ala.Cr.App. 1981), cert. denied, Ex parte Allen,414 So.2d 993 (Ala. 1982). Since this is not a case "in which the death penalty has been imposed", this Court is not required to "notice any plain error or defect in the proceedings under review." Rule 45A, A.R.A.P. Although the judge's charge did not use the "most helpful language possible", United States v.Rosa, 705 F.2d 1375, 1380-81 (1st Cir. 1983), his instructions on intent did not constitute plain error, because what he did state was not improper, because it was made clear that the jury could not use the felony-murder doctrine to supply the intent necessary for a capital offense, and because no clarifying or additional instructions were requested. The judge's failure to give a clearer or more exhaustive charge on the particularized intent to kill falls far short of rising to the level of a "particularly egregious error" that would result in a miscarriage of justice if a reversal were denied. Womack, 435 So.2d at 769.
Here, there was sufficient evidence from which a rational jury could conclude that Lewis possessed the intent to kill.
In his confession, Lewis admitted that he was a willing participant in the robbery, that he helped plan it, and that he was armed with a borrowed shotgun when he and Davis entered the gasoline station. Lewis claimed that Davis shot Mr. Tapley because he recognized Davis. Lewis also stated that Tapley "could a knowed me, I wouldn't kill him, I really don't, my heart ain't that strong." The fact that Lewis was armed with a shotgun supplies a legitimate inference that he intended to use it during the commission of the robbery under the circumstances of this case. Before Mr. Tapley died, he told a customer, who *Page 418 
arrived shortly after the shooting, that "they shot me." The .22 caliber pistol, the actual murder weapon, was hidden and located at Lewis' sister's house, with Lewis' cooperation. Lewis received a share of the money taken in the robbery. "Whether a non-triggerman aided and abetted the actual killing itself, such as by being present to render assistance in the killing itself if it becomes necessary, will almost always be a jury question." 42 Ala. Law. at 469. See also Tomlin v. State,443 So.2d 47, 53 (Ala.Cr.App. 1979), affirmed, Ex parte Tomlin,443 So.2d 59, 64 (Ala. 1983).
Our review of this appeal convinces us that the judgment of the circuit court is due to be affirmed.
AFFIRMED.
All Judges concur. *Page 769